■ In the Matter of ROYCE COMPUTER SERVICES, INC., Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent.—Weiss, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 11, 1986, which assessed the employer for additional contributions due for the audit period from January 31, 1981 through March 31, 1984.

Royce Computer Services, Inc. (Royce) contracted with a university professor to recruit and act as a liaison with students to work as part-time computer programmers. The students were assigned work by Royce to develop programs for

accounts payable and payroll; they were free to work hours of their own choice and often combined to work in teams. In addition, on one occasion, Royce engaged a student to translate instructions for a word processor from Hebrew into English. The professor, who was paid 10% of the amounts paid students, was available to help implement the needs and desires of Royce. Following an audit, a determination was made finding Royce liable for additional contributions in the amount of $281.11 for the audit period January 1, 1981 through March 31, 1984. After a hearing, an Administrative Law Judge (ALJ) sustained Royce's objection and overruled the determination. Upon appeal, the Unemployment Insurance Appeal Board reversed the decision of the ALJ and sustained the initial determination. This appeal by Royce ensued. The sole issue presented is whether substantial evidence supports the Board's determination that the professor, students and translator were employees and not independent contractors.

A tax auditor testified that the students were listed under a single classification on the Royce payroll as computer programmers, and the $10 hourly wages paid them were shown on a cash disbursement journal. He also testified that Royce failed to provide proof, such as bills, cards or letterheads, that the students were independent contractors, and that none of the students were listed in business or telephone directories. The payroll showed the times, dates and amounts paid to each student. The auditor further testified that Royce assigned the work to be performed and told each student what it actually wanted done, and what the final result of the programs would be.

Royce performed bookkeeping services for clients in the nursing home business, which included preparation on computers of, *inter alia,* accounts receivable ledgers, accounts payable ledgers, trial balances and invoices, and updated the records by placing new information into computer memory banks. The assignments given the students were to produce computer programs to be used to perform the foregoing processes. Their work product was tested and modified or updated by them as required, for which work they were paid. In addition, they scaled down programs from larger computers for use as programs on smaller computers. Royce furnished the paper used as well as the floppy and hard discs. When school computers were unavailable, the students worked at Royce, where they had full access including their own keys to the premises.

The foregoing provides substantial evidence that Royce exercised control over the results of the work or the means used to achieve the results *(see, Matter of 12 Cornelia St. [Ross],* 56 NY2d 895, 897). While control over the means used to achieve the results is the more important factor to be considered *(Matter of Ted Is Back Corp. [Roberts],* 64 NY2d 725, 726), the Board could properly find from the record as a whole that Royce retained the power to hire, evaluate and discharge these part-time programmers, set their rate of pay and responsibilities, and accept or reject their work product *(see, Matter of Salamanca Nursing Home [Roberts],* 68 NY2d 901, 903). The Board's determination of this question of fact, being supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record to support a contrary view *(see, Matter of Rivera [State Line Delivery Serv.—Roberts],* 69 NY2d 679, 682, *cert denied* — US —, 107 S Ct 2181; *Matter of Field Delivery Serv. [Roberts],* 66 NY2d 516, 521).

, Decision affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Levine and Harvey, JJ., concur.