■ In the Matter of the Claim of Brian E. O'Connor, Respondent. Clinton Howell, Doing Business as Clinton Howell Antiques, Appellant; Thomas F. Hartnett, as Commissioner of Labor, Respondent.—Levine, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed

June 13, 1989, which assessed the employer for additional unemployment insurance contributions.

Claimant was hired in July 1987 by Clinton Howell, a sole proprietor engaged in the sale and restoration of antiques, for the purpose of renovating antique furniture owned by Howell or his customers. Claimant performed restorative work for Howell until May 1988, when he allegedly stopped work for medical reasons. Thereafter, claimant applied for unemployment insurance benefits with the local unemployment office, which ruled that claimant was entitled to benefits based upon his employment with Howell and assessed Howell for additional contributions. Howell objected to this determination, contending that claimant was an independent contractor rather than an employee.

At the hearing, at which only Howell appeared, he testified that, from July through December 1987, claimant did the majority of his work at Howell's workshop using tools and supplies furnished by Howell and that from December 1987 or January 1988 until May 1988, claimant performed most of his work at his own apartment and began to purchase his own supplies, although he continued to utilize certain tools in Howell's workshop during that time. Howell indicated that he assumed the risk of loss for the antique pieces on which claimant worked. Further, Howell stated that, on pieces owned by his clients, he fixed the hourly rate charged and paid claimant a percentage thereof and that on pieces owned by him, he paid claimant a flat hourly rate. Howell also testified that he would examine the work completed by claimant and if it was not satisfactory, he would either redo the piece himself or require claimant to redo it without charging the client. Finally, Howell testified that claimant did not work the same hours each day and that he kept track of his own hours.

At the conclusion of the hearing, the Administrative Law Judge (hereinafter ALJ) sustained the initial determination that claimant was an employee, concluding that the credible evidence established that Howell exercised supervision, direction and control over claimant's activities. Howell appealed and the Unemployment Insurance Appeal Board, in addition to making its own factual findings, adopted the findings of fact and opinion of the ALJ. Thereafter, upon the application of Howell, the Board reopened its decision and adhered to its original determination. This appeal followed.

Howell's first point on appeal is that the Board's determination that claimant was an employee is not supported by

substantial evidence. We find this argument unpersuasive. Howell's testimony provided ample evidence from which the Board could conclude that he exercised "control over * * * the means used to achieve the results [produced]" *(Matter of Rivera [State Line Delivery Serv.—Roberts],* 69 NY2d 679, 682; *see, Matter of Field Delivery Serv. [Roberts],* 66 NY2d 516, 521; *Matter of 12 Cornelia St. [Ross],* 56 NY2d 895, 897). Despite Howell's assertion to the contrary, it was not necessary for the Board to rely exclusively on the information contained in claimant's application for benefits in arriving at its decision, since a review of the factual findings made by the Board reveals that they are consistent with the testimony given by Howell. In our view, these findings constitute substantial evidence supporting the Board's conclusion that claimant was an employee and, therefore, disturbance of the Board's determination is unwarranted *(see, Matter of Rivera [State Line Delivery Serv.—Roberts], supra; Matter of Field Delivery Serv. [Roberts], supra; Matter of Villa Maria Inst. of Music [Ross],* 54 NY2d 691, 693).

The second point raised by Howell concerns claimant's failure to appear and testify at the hearing. Howell contends that his inability to confront and cross-examine claimant resulted in a denial of his right to due process. We disagree. While recognizing Howell's right to call and cross-examine an adverse party *(see,* 12 NYCRR 461.4 [c]), we note initially that Howell made no request at the hearing that claimant be called to testify or that the hearing be adjourned in order to secure claimant's testimony. Moreover, Howell was not prejudiced by claimant's absence, since the Board's determination is supported by Howell's testimony alone *(cf., Matter of Angelo [Ross],* 78 AD2d 572; *Matter of Kennard [Levine],* 50 AD2d 1025, 1026; *Matter of Harper [Levine],* 41 AD2d 975, 976).

Finally, we reject Howell's argument that he was denied a fair and impartial hearing. Although Howell contends that the ALJ improperly assumed the role of an attorney by questioning him throughout the hearing, such conduct was clearly within the scope of the ALJ's authority *(see,* 12 NYCRR 461.4 [a]). Further, from our examination of the record, we do not find that the ALJ acted with either bias or hostility in posing his questions to Howell.

Decision affirmed, without costs. Casey, J. P., Yesawich, Jr., Levine, Mercure and Harvey, JJ., concur.