■ In the Matter of the Claims of CHARLES H. SWEENEY et al., Respondents. HENRY BOECKMANN, JR. & ASSOCIATES, INC., Appellant; JOHN F. HUDACS, as Commissioner of Labor, Respondent. [595 NYS2d 262] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 22, 1991, which, inter alia, assessed Henry Boeckmann, Jr. & Associates, Inc. for additional unemployment insurance contributions.

There is substantial evidence in the record to support the conclusion by the Unemployment Insurance Appeal Board that Henry Boeckmann, Jr. & Associates, Inc. (hereinafter the company) exercised sufficient supervision, direction and control over claimants' services to establish their status as employees (see, Matter of Di Martino [Buffalo Courier Express Co. —Ross], 59 NY2d 638). The company appraises real property. Claimant Eric Kripps worked for the company as a word processor. He received his assignments from the company and the company made the required corrections to his work. The company was responsible to its clients for the quality of the work product. Kripps was required to complete the work within a time frame set by the company. Although he could set his own hours, Kripps had to work at the company's

premises and used its word processing equipment and supplies. He was paid directly by the company. Based on this evidence, we find no reason to disturb the Board's decision *(see, Matter of Bertsch [Intertek Servs. Corp.—Hartnett],* 159 AD2d 898; *Matter of Royce Computer Servs. [Roberts],* 132 AD2d 827).

The same result obtains for claimant Charles H. Sweeney. He performed such tasks as acquiring deeds and mortgages for the company, as well as taking pictures of various properties and comparing real estate listings. When he was hired, the company instructed him on how to perform his duties. Although he had no set hours, he called in daily for his assignments. He received his supplies from the company and was reimbursed for his expenses and mileage. He also used a desk and phone at the company's premises. The company set his salary and instructed him on how to format his work product *(cf., Matter of Lauritano [Hartnett],* 153 AD2d 997). To the extent that the company's president described a different relationship than did Sweeney, this merely presented a question of credibility for the Board to resolve *(see, Matter of Basch Constr. [Roberts],* 94 AD2d 846, *lv denied* 60 NY2d 558).

We also note that because the Board's determination is supported by the testimony of the company's president alone, the company was in no way prejudiced by Kripps' absence at the hearings *(see, Matter of O'Connor [Howell—Hartnett],* 165 AD2d 946). Finally, there was no error in the Board's conclusion that its decision also applied to others similarly situated to claimants *(see, Matter of Robinson [New York Times Newspaper Div.—Hartnett],* 168 AD2d 746, *lv denied* 78 NY2d 853).

Weiss, P. J., Mikoll, Levine, Mercure and Mahoney, JJ., concur. Ordered that the decision is affirmed, without costs.