■ In the Matter of the Claim of HARRIET LANDIS, Respondent. THEATRICS, INC., Appellant; JOHN F. HUDACS, as Commissioner of Labor, Respondent. [598 NYS2d 382] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 10, 1991, which ruled that Theatrics, Inc. was liable for unemployment insurance contributions on remuneration paid to claimant.

Claimant worked as a telephone solicitor for Theatrics, Inc., a business that packages and produces fundraising productions for charitable organizations. Claimant was responsible for selling tickets for such things as plays and raffles. Claimant, who was assigned to a specific geographic location, was provided with the names of people she should solicit in the course of a one-week period. Claimant was prohibited from calling anyone whose name did not appear on her list and she could not get anyone else to make the telephone calls for her. To make sure that its interests were protected, Theatrics gave instruction sheets to claimant indicating how to sell the tickets and also provided her with a "sales pitch". Although

claimant could make her calls at any time, Theatrics told her when the best times were and it specifically indicated that calls should not be made after a certain time in the evening. If claimant did not process the leads provided by Theatrics for two consecutive weeks, her services would no longer be used. Theatrics would reimburse claimant for stamps, the only out-of-pocket expense that claimant incurred. These facts provide substantial evidence to support the decision of the Unemployment Insurance Appeal Board that Theatrics exercised control over the results produced by claimant or the means used to achieve the results, thereby establishing claimant's status as an employee (see, Matter of Rivera [State Line Delivery Serv.— Roberts], 69 NY2d 679, 682; Matter of Royce Computer Servs. [Roberts], 132 AD2d 827, 829). Claimant's remaining contention has been examined and found to be lacking in merit.

Weiss, P. J., Mikoll, Yesawich Jr., Levine and Mercure, JJ., concur. Ordered that the decision is affirmed, without costs.