*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 16, 2015                    519579
_____

In the Matter of the Claim of
    JASON KLOTZ,
                    Respondent.

BLUE PERIMETER, INC.,                    MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  February 24, 2015

Before:  Lahtinen, J.P., Rose, Lynch and Clark, JJ.

_____

        Benjamin F. Neidl, Albany, for appellant.

        Cynthia Feathers, Glens Falls, for Jason Klotz, respondent.

        Eric T. Schneiderman, Attorney General, New York City (Linda D. Joseph of counsel), for Commissioner of Labor, respondent.

_____

        Appeal from two decisions of the Unemployment Insurance Appeal Board, filed November 5, 2013, which ruled, among other things, that Blue Perimeter, Inc. was liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated.

        Claimant was hired by Blue Perimeter, Inc., a company that purported to provide "security professionals" to its clients, and he was assigned to work as a licensed security guard at a hotel. After his employment ended, claimant filed a claim for unemployment insurance benefits.  The Department of Labor issued

an initial determination finding that Blue Perimeter exercised sufficient control over claimant's work in order to establish an employer-employee relationship.  Three subsequent hearings were held and Blue Perimeter appeared without counsel at the first two and provided testimony, but also requested and was granted adjournments in order to have time to consult with counsel.  When neither Blue Perimeter nor counsel attended the third hearing, the Administrative Law Judge (hereinafter ALJ) closed the hearing and rendered a decision on the merits sustaining the initial determination.  Blue Perimeter thereafter applied for the matter to be reopened for a new hearing.  The Unemployment Insurance Appeal Board treated the application as a notice of appeal and ruled that an employment relationship existed between Blue Perimeter and claimant, and that Blue Perimeter was liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated.  Blue Perimeter now appeals.

We affirm.  Initially, although a case may be reopened "where a decision was rendered upon or following the default of a party" (12 NYCRR 461.8), we cannot say that the Board abused its discretion in considering the application to reopen as a request for a new hearing, inasmuch as Blue Perimeter had not defaulted, having appeared at two hearings and, after informing the ALJ that it was ready to proceed, presented evidence that was considered by the ALJ in a determination on the merits.  Further, the Board's decision not to hold a new hearing was also within its discretion, given that Blue Perimeter had already been provided two previous adjournments (see 12 NYCRR 463.1 [f] [2]; Matter of Miller [Commissioner of Labor], 9 AD3d 567, 568 [2004]).

Turning to the merits, "[t]he existence of an employer-employee relationship is a factual issue for the Board to resolve and its decision will be upheld if supported by substantial evidence" (Matter of Ruano [Commissioner of Labor], 118 AD3d 1088, 1088 [2014], lv dismissed 24 NY3d 1039 [2014]; see Matter of Victor [Aubrey Organics, Inc.—Commissioner of Labor], 116 AD3d 1327, 1327 [2014]).  Significantly, "an organization which screens the services of professionals, pays them at a set rate and then offers their services to clients exercises sufficient control to create an employment relationship" (Matter of Kimberg

[Hudacs], 188 AD2d 781, 781 [1992]; accord Matter of Ivy League Tutoring Connection, Inc. [Commissioner of Labor], 119 AD3d 1260, 1260 [2014]; Matter of Lamar [Eden Tech., Inc.—Commissioner of Labor], 109 AD3d 1038, 1039 [2013]; see Matter of Ray Catena Corp. [Commissioner of Labor], 274 AD2d 819, 820 [2000]). Here, the record reflects that Blue Perimeter ensured that claimant was licensed in New York as a security guard, assigned him to work at the hotel and paid him at a negotiated rate, whether or not it received payment from the hotel. Moreover, Blue Perimeter established claimant's schedule and there is evidence that it had a supervisor on site at the hotel. Accordingly, there is substantial evidence supporting the Board's decisions and they will not be disturbed, despite evidence in the record that could support a contrary result (see Matter of Ivy League Tutoring Connection, Inc. [Commissioner of Labor], 119 AD3d at 1261; Matter of Lamar [Eden Tech., Inc.—Commissioner of Labor], 109 AD3d at 1039).

Lahtinen, J.P., Rose, Lynch and Clark, JJ., concur.

ORDERED that the decisions are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court