*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 3, 2015          520073
_____

In the Matter of the Claim of
    DWAYNE J. LOBBAN,
                    Respondent.

PRECINCT SECURITY AND
    INVESTIGATIONS, INC.,                MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____


Calendar Date:  August 20, 2015

Before:  Lahtinen, J.P., McCarthy, Garry and Egan Jr., JJ.

_____

        The Zuppa Law Firm PLLC, Garden City (Raymond J. Zuppa of
counsel), for appellant.

        Bruce E. Knoll, Albany, for Dwayne J. Lobban, respondent.

        Eric T. Schneiderman, Attorney General, New York City
(Steven Koton of counsel), for Commissioner of Labor, respondent.

_____


Lahtinen, J.P.

        Appeals from two decisions of the Unemployment Insurance
Appeal Board, filed January 22, 2014, which ruled that Precinct
Security and Investigations, Inc. is liable for unemployment
insurance contributions on remuneration paid to claimant and
others similarly situated.

        Claimant was recruited by Precinct Security and
Investigations, Inc., a company that provides security guards for

its clients.  After his employment ended, claimant applied for unemployment insurance benefits.  The Department of Labor found that an employer-employee relationship existed between claimant and Precinct, and that Precinct was therefore liable for unemployment insurance contributions for remuneration paid to claimant and others similarly situated.  Precinct objected and, following a hearing, an Administrative Law Judge upheld the Department's determination.  The Unemployment Insurance Appeal Board affirmed and Precinct now appeals.

We affirm.  "The existence of an employer-employee relationship is a factual issue for the Board to resolve and its decision will be upheld if supported by substantial evidence" (Matter of Ruano [Commissioner of Labor], 118 AD3d 1088, 1088 [2014], lv dismissed 24 NY3d 1039 [2014] [citations omitted]; see Matter of Mackey [Prometric Inc.—Commissioner of Labor], 120 AD3d 1493, 1494 [2014]).  Moreover, "an organization which screens the services of professionals, pays them at a set rate and then offers their services to clients exercises sufficient control to create an employment relationship" (Matter of Kimberg [Hudacs], 188 AD2d 781, 781 [1992]; see Matter of Klotz [Commissioner of Labor], 127 AD3d 1459, 1460 [2015]; Matter of Ivy League Tutoring Connection, Inc. [Commissioner of Labor], 119 AD3d 1260, 1260 [2014]; Matter of Ray Catena Corp. [Commissioner of Labor], 274 AD2d 819, 820 [2000]).

Here, the hearing testimony reflects that Precinct places advertisements on Craigslist seeking security guards, although we note that claimant was referred to Precinct by another security guard.  Precinct interviews applicants about their experience and verifies that the applicants are licensed as security guards in New York.  As to claimant, he was assigned by Precinct to a hotel.  Precinct negotiated with the hotel in setting claimant's rate of pay.  Precinct billed the hotel based upon the negotiated hourly rate and paid claimant after subtracting one third of claimant's pay as a commission.  If claimant could not report to work on a certain day, he was required to inform Precinct, and claimant could not find his own replacement.  In our view, substantial evidence supports the Board's decision, despite evidence in the record that could support a contrary result (see Matter of Klotz [Commissioner of Labor], 127 AD3d at 1460; Matter

of Ivy League Tutoring Connection, Inc. [Commissioner of Labor], 119 AD3d at 1261; Matter of Lamar [Eden Tech., Inc.—Commissioner of Labor], 109 AD3d 1038, 1039 [2013]). Further, we reject Precinct's claim that it was denied its due process rights by not having an opportunity to cross-examine claimant. Precinct did not ask that claimant be called as a witness or request that the Administrative Law Judge issue a subpoena to ensure claimant's testimony (see Matter of O'Connor [Howell—Hartnett], 165 AD2d 946, 948 [1990]). In any event, Precinct was not prejudiced by claimant's absence at the hearing, as the Board's decisions are supported by the testimony of Precinct's witness (see Matter of Sweeney [Boeckmann, Jr. & Assoc.—Hudacs], 191 AD2d 911, 912 [1993]; Matter of O'Connor [Howell—Hartnett], 165 AD2d at 948).

McCarthy, Garry and Egan Jr., JJ., concur.

ORDERED that the decisions are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court