*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 19, 2015                    520433
_____

In the Matter of the Claim of
    DEBORAH FATONE,
                        Respondent.

ADDISON STREET SPA, LLC,                    MEMORANDUM AND ORDER
                        Appellant.

COMMISSIONER OF LABOR,
                        Respondent.
_____

Calendar Date:   October 15, 2015

Before:   Garry, J.P., Egan Jr., Rose and Clark, JJ.

_____

        Kase & Druker, Garden City (James O. Druker of counsel),
for appellant.

        Murphy, Burns, Barber & Murphy, LLP, Albany (Catherine A.
Barber of counsel), for Deborah Fatone, respondent.

        Eric T. Schneiderman, Attorney General, New York City
(Steven Koton of counsel), for Commissioner of Labor, respondent.

_____

Garry, J.P.

        Appeals from two decisions of the Unemployment Insurance
Appeal Board, filed August 11, 2014, which ruled, among other
things, that Addison Street Spa, LLC is liable for unemployment
insurance contributions on remuneration paid to claimant and
others similarly situated.

        Addison Street Spa, LLC is a day spa offering various
massage therapies and facials.  Claimant was a massage therapist

at Addison from 2007 until 2013.  The Unemployment Insurance
Appeal Board ruled that claimant and others similarly situated
were employees of Addison, and Addison now appeals.

        We affirm.  "Whether an employer-employee relationship
exists is a factual question to be resolved by the Board and we
will not disturb its determination when it is supported by
substantial evidence in the record" (Matter of Jennings [American
Delivery Solution, Inc.—Commissioner of Labor], 125 AD3d 1152,
1152 [2015] [internal quotation marks and citations omitted]; see
Matter of LaValley [West Firm, PLLC—Commissioner of Labor], 120
AD3d 1498, 1499 [2014]).  "[S]uch a relationship will be found to
exist where the employer exercises control over the results
produced or the means used to achieve those results, with the
latter being more important" (Matter of Columbia Artists Mgt. LLC
[Commissioner of Labor], 109 AD3d 1055, 1056 [2013]; accord
Matter of John Lack Assoc., LLC [Commissioner of Labor], 112 AD3d
1042, 1043 [2013]).  Here, there is evidence in the record that
Addison set the prices for the massages and the percentage of
which claimant was paid, scheduled its clients pursuant to
claimant's weekly schedule, collected the fees from the clients
and fielded any complaints.  Addison required claimant to sign an
agreement that she would not solicit, divert or take away any of
Addison's clients during the term of the agreement and for one
year after claimant stopped providing massages at the spa.
Addison provided the room, equipment and supplies and required
claimant to arrive 30 minutes before the scheduled massage time
and to maintain professional attire.  In our view, substantial
evidence supports the Board's decision that Addison exercised
sufficient control over claimant to establish an employment
relationship, despite other evidence in the record that could
support a contrary result (see Matter of Human Performance, Inc.
[Commissioner of Labor], 28 AD3d 971, 972 [2006]; Matter of Sun
[Anuthep Benja-Athon M.D., P.C.—Commissioner of Labor], 27 AD3d
862, 863 [2006]).

        Egan Jr., Rose and Clark, JJ., concur.

ORDERED that the decisions are affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court