*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 10, 2016                521294
_____

In the Matter of the Claim of
    KRYA A. STEWART,
                    Respondent.

AMERICAN INSTITUTE FOR                MEMORANDUM AND ORDER
    STUTTERING,
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____


Calendar Date:  February 10, 2016

Before:  Peters, P.J., Garry, Rose, Devine and Clark, JJ.


_____


        Debevoise & Plimpton LLP, New York City (Jyotin R. Hamid of counsel), for appellant.

        David E. Woodin, Catskill, for Krya A. Stewart, respondent.


_____


Rose, J.

        Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 16, 2014, which ruled, among other things, that claimant was entitled to receive unemployment insurance benefits.

        Claimant worked as a part-time bookkeeper for American Institute for Stuttering (hereinafter AIS).  After AIS terminated her employment, she applied for unemployment insurance benefits.  Ultimately, the Unemployment Insurance Appeal Board found, among other things, that claimant was an employee of AIS and was entitled to receive benefits.  AIS now appeals.

The sole issue presented is whether an employment relationship existed between claimant and AIS. It is well settled that the existence of an employment relationship is a factual issue for the Board to resolve and its decision will be upheld if supported by substantial evidence, even if the record would support a contrary conclusion (see Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983]; Matter of Aussicker [Park Ride Fly USA–Commissioner of Labor], 128 AD3d 1264, 1265 [2015], lv dismissed 26 NY3d 944 [2015]). The relevant inquiry is whether the purported employer exercised control over the results produced or the means used to achieve those results, with control over the latter being the more important factor (see Matter of Chorekchan [New York City Bd. of Elections–Commissioner of Labor], 128 AD3d 1311, 1312 [2015]; Matter of Armison [Gannett Co., Inc.–Commissioner of Labor], 122 AD3d 1101, 1102 [2014] lv dismissed 24 NY3d 1209 [2015]).

Here, claimant responded to a job advertisement placed by AIS, submitted a resume and was interviewed by AIS's office manager. She was hired at an agreed-upon hourly wage and performed her duties at AIS, where she shared an office with the clinical director and was provided with a computer, bookkeeping software, an email account and a key to the office. Although she was not required to work a set schedule, claimant testified that she was expected to work a total of 24 hours per week. She was also expected to notify AIS of the specific hours that she would be working each week and submit documentation detailing her hours, which had to be reviewed and approved by the clinical director in order to receive payment. She was paid by means of a biweekly paycheck, although payroll taxes were not deducted. In addition, she was required to attend staff meetings when they dealt with business-related matters, and she interacted with both AIS personnel as well as its outside certified public accountant regarding such matters. In our view, the foregoing illustrates that AIS retained sufficient control over claimant's work to be considered her employer (see Matter of Williams [Commissioner of Labor], 268 AD2d 621, 621-622 [2000]; Matter of Buffalo Suzuki Strings Inc. [Hudacs], 195 AD2d 744, 744 [1993]). Accordingly, inasmuch as substantial evidence supports the Board's decision, we decline to disturb it.

Peters, P.J., Garry, Devine and Clark, JJ., concur.


ORDERED that the decision is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court