*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 28, 2016                      521398
_____

In the Matter of the Claim of
     LINDA ARMBRUSTER,
                    Respondent.

SUMMIT HEALTH, INC.,                    MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  March 25, 2016

Before:  McCarthy, J.P., Garry, Lynch, Devine and Clark, JJ.

_____

        DLA Piper, New York City (Erin Carney D'Angelo of counsel),
for appellant.

        David E. Woodin, Catskill, for Linda Armbruster,
respondent.

        Eric T. Schneiderman, Attorney General, New York City (Gary
Leibowitz of counsel), for Commissioner of Labor, respondent.

_____

Lynch, J.

        Appeals from two decisions of the Unemployment Insurance
Appeal Board, filed October 6, 2014, which ruled, among other
things, that Summit Health, Inc. was liable for unemployment
insurance contributions on remuneration paid to claimant and
others similarly situated.

        Claimant, a licensed practical nurse, worked as a health
examiner for Summit Health, Inc., a health and wellness company

that provides nurses to perform health screening and testing to employees of its corporate clients at the client's workplace. The Unemployment Insurance Appeal Board determined, among other things, that claimant was an employee of Summit and that Summit was liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated. Summit appeals.

We affirm. Under established law, "[t]he existence of an employer-employee relationship is a factual issue for the Board to resolve and its decision will be upheld if supported by substantial evidence" (Matter of Lobban [Precinct Sec. & Investigations, Inc.—Commissioner of Labor], 131 AD3d 1294, 1294 [2015]). Here, where "the work of medical professionals is involved, the pertinent inquiry is whether the purported employer retained overall control over the work performed" (Matter of Lawlor [ExamOne World Wide, Inc.—Commissioner of Labor], 130 AD3d 1345, 1346 [2015] [internal quotation marks and citation omitted]; see Matter of Salamanca Nursing Home, Inc. [Roberts], 68 NY2d 901, 903 [1986]). Moreover, "an organization which screens the services of professionals, pays them at a set rate and then offers their services to clients exercises sufficient control to create an employment relationship" (Matter of Lobban [Precinct Sec. & Investigations, Inc.—Commissioner of Labor], 131 AD3d at 1294 [internal quotation marks and citation omitted]).

During the relevant period, Summit posted openings for medical examiners on its website, interviewed applicants and screened their education, license credentials and experience to ensure their qualifications and ability to perform the required medical services. Summit scheduled the clinics with its clients, who determined what services were needed; Summit then posted the clinic dates, enabling examiners to sign up to work based upon their availability, and they were paid a set hourly rate. Summit provided all of the equipment and supplies for the clinics and reimbursed the examiners for certain travel and other expenses. If examiners could not work as scheduled, they reported to Summit, which looked for a replacement. Summit solicited claimant to work for it after reviewing her credentials posted on a job website. Claimant worked as a health examiner and a registrar as well as a lead examiner responsible for oversight of

the clinic, bringing and returning supplies and equipment provided by Summit, submitting patient consent forms to Summit, resolving problems and reporting back to Summit after the clinic was completed.  Examiners were required to sign contracts designating them as independent contractors, which obligated them to comply with industry best practices and provided training available for that purpose; they were required to wear a Summit identification badge and to abide by a dress code at clinics, among other provisions.

Given the foregoing, we find that there was substantial evidence to support the Board's determination that Summit retained sufficient overall control over the work performed by claimant to establish that she was an employee of Summit, notwithstanding evidence in the record that would support a contrary conclusion.  To that end, we find the pertinent facts here to be materially indistinguishable from those in a prior case in which we concluded that Summit is the employer of its certified medical technicians (see Matter of Goddard [Summit Health, Inc.—Commissioner of Labor], 118 AD3d 1200, 1201 [2014], lv dismissed 24 NY3d 975 [2014]).  Finally, the Board correctly held that its finding of employment applies to others determined to be similarly situated to claimant (see Labor Law § 620 [1] [b]; Matter of Mitchum [Medifleet, Inc.—Commissioner of Labor], 133 AD3d 1156, 1157-1158 [2015]).

McCarthy, J.P., Garry, Devine and Clark, JJ., concur.


ORDERED that the decisions are affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court