*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 5, 2016                    521265
_____

In the Matter of the Claim of
    KATHLEEN J. RITCH,
                    Respondent.

ISLAND TUTORING CENTER, INC.,                MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.

(And Another Related Claim.)
_____

Calendar Date:  March 22, 2016

Before:  Lahtinen, J.P., McCarthy, Garry, Rose and Mulvey, JJ.

                    _____

        Schultz & Associates, PC, Melville (Laura Alto of counsel),
for appellant.

        Catherine A. Barber, Albany, for Kathleen J. Ritch,
respondent.

        Eric T. Schneiderman, Attorney General, New York City (Gary
Leibowitz of counsel), for Commissioner of Labor, respondent.

                    _____

Mulvey, J.

        Appeals from four decisions of the Unemployment Insurance
Appeal Board, filed September 18, 2014, which ruled that Island
Tutoring Center, Inc. was liable for unemployment insurance
contributions on remuneration paid to claimants and others
similarly situated.

Island Tutoring Center, Inc. (hereinafter ITC) is engaged in the business of providing general and special education tutoring services to school districts, private schools and private clients. To deliver these services, ITC retains private tutors, including claimants, Kathleen Ritch and Alissa Bianco, who provide educational tutoring services to ITC's clients. After claimants' employment with ITC ended, claimants filed applications for unemployment insurance benefits. The Department of Labor issued initial determinations finding that claimants were employees of ITC and that ITC was liable for unemployment insurance contributions based on remuneration paid to claimants and other similarly situated tutors working for ITC. ITC objected on the ground that claimants were independent contractors, and, following a hearing, an Administrative Law Judge sustained ITC's objection and overruled the Department's determinations. Upon administrative appeal, the Unemployment Insurance Appeal Board reversed the determinations of the Administrative Law Judge and sustained the Department's initial determinations. ITC appeals and we affirm.

"Whether an employer-employee relationship exists is a factual question to be resolved by the Board and we will not disturb its determination when it is supported by substantial evidence in the record" (Matter of Voisin [Dynamex Operations E., Inc.—Commissioner of Labor], 134 AD3d 1186, 1187 [2015] [internal quotation marks and citations omitted]; see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]). "An employer-employee relationship exists when the evidence shows that the employer exercises control over the results produced or the means used to achieve the results," with the latter more important (Matter of Empire State Towing & Recovery Assn. [Commissioner of Labor], 15 NY3d at 437 [citation omitted]; see Matter of Pickton [Priority Assist Inc.— Commissioner of Labor], 127 AD3d 1484, 1486 [2015]). Significantly, we have previously held that "an organization which screens the services of professionals, pays them at a set rate and then offers their services to clients exercises sufficient control to create an employment relationship" (Matter of Lobban [Precinct Sec. & Investigations, Inc.—Commissioner of Labor], 131 AD3d 1294, 1294 [2015] [internal quotation marks and citations omitted]; accord Matter of Klotz [Blue Perimeter,

Inc.—Commissioner of Labor], 127 AD3d 1459, 1460 [2015]). Here, the record establishes that ITC advertises for tutors to provide tutoring services to its clients. Potential tutors, including Ritch, were interviewed and screened by ITC's owner, Steven Thode, who would review a prospective tutor's résumé and list of references. If a prospective tutor was offered employment, he or she would typically sign a contract, as Bianco did, identifying that tutor as an independent contractor. That contract provided that employment was contingent upon a favorable reference and fingerprint check and verification of employment eligibility. Although the tutors were permitted to work for other tutoring companies, the contract also included a provision prohibiting the tutors from soliciting ITC's clients or students.

When clients contacted ITC to request tutoring services, ITC would select a tutor from its database and inform that tutor of the area of study or subject to be instructed and the number of tutoring hours required. Although tutors were free to decline assignments, ITC did not permit tutors to provide their own substitutes after accepting an assignment. Following provision of the services, ITC required tutors to fill out time sheets and its session report forms in order to receive payment. As to payment, ITC paid its tutors prior to receiving payment from its clients, reimbursed tutors for certain expenses and loaned tutors teaching materials from its library when necessary. ITC also fielded its clients' complaints and feedback concerning the performance of its tutors and could remove tutors from assignments if there was a negative complaint.

While record evidence could support a contrary result, the foregoing constitutes substantial evidence supporting the Board's determination that an employer-employee relationship exists (see Matter of Soo Tsui [Language Servs. Assoc., Inc.—Commissioner of Labor], 135 AD3d 1098, 1099 [2016]; Matter of Ivy League Tutoring Connection, Inc. [Commissioner of Labor], 119 AD3d 1260, 1261 [2014]; Matter of Montalto [Early Intervention Ctr. of Suffolk—Commissioner of Labor], 263 AD2d 736, 736 [1999]; Matter of Faculty Tutoring Serv. [Sweeney], 244 AD2d 744, 744 [1997]). Lastly, contrary to ITC's contention, the Board did not err in ruling that ITC is liable for contributions on remuneration paid to all others determined to be similarly situated to claimants

(see Matter of Mitchum [Medifleet, Inc.—Commissioner of Labor], 133 AD3d 1156, 1157 [2015]; see also Matter of Soo Tsui [Language Servs. Assoc., Inc.—Commissioner of Labor], 135 AD3d at 1099-1100).

Lahtinen, J.P., McCarthy, Garry and Rose, JJ., concur.


ORDERED that the decisions are affirmed, without costs.




ENTER:


Robert D. Mayberger
Clerk of the Court