*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 29, 2016                521820
_____

In the Matter of the Claim of
    ERIC DAVIS,
                    Respondent.

NIAGARA FALLS HOUSING
    AUTHORITY,
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.

(Claim No. 1.)
_____          MEMORANDUM AND ORDER

In the Matter of the Claim of
    XAVIER WALKER,
                    Respondent.

NIAGARA FALLS HOUSING
    AUTHORITY,
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.

(Claim No. 2.)
_____


Calendar Date:  September 13, 2016

Before:  McCarthy, J.P., Garry, Devine, Clark and Mulvey, JJ.

                    _____


        Hodgson Russ LLP, Buffalo (Melanie J. Beardsley of
counsel), for appellant.

        Thomas F. Garner, Middleburgh, for Eric Davis and Xavier
Walker, respondents.

Eric T. Schneiderman, Attorney General, New York City (Steven Koton of counsel), for Commissioner of Labor, respondent.

_____


Mulvey, J.

Appeals from four decisions of the Unemployment Insurance Appeal Board, filed December 3, 2014, which ruled, among other things, that Niagara Falls Housing Authority is liable for unemployment insurance contributions on remuneration paid to claimants and others similarly situated.

The Niagara Falls Housing Authority (hereinafter Housing Authority) is a nonprofit governmental agency that provides housing for senior citizens, low-income families and individuals with disabilities.  To facilitate its operations, the Housing Authority created People and Possibilities, a nonprofit organization, to receive grants and to provide services to the community.  To that end, claimant Eric Davis was retained by the Housing Authority as an outreach worker, while claimant Xavier Walker was retained as a supervisor for the Housing Authority's SNUG program, a program that sought to reduce community violence. In 2012, after the grant money had been depleted and their work with the Housing Authority concluded, claimants applied for unemployment insurance benefits.  The Department of Labor issued initial determinations finding that claimants were employees of the Housing Authority and that the Housing Authority was liable for unemployment insurance contributions based on remuneration paid to claimants and others similarly situated.  Following a combined hearing, an Administrative Law Judge sustained the Department's determinations.  Upon administrative appeal, the Unemployment Insurance Appeal Board agreed, determining that an employer-employee relationship existed between the Housing Authority and claimants and that the Housing Authority was liable for contributions based on remuneration paid to claimants and others similarly situated.  The Housing Authority now appeals.

We affirm.  It is well settled that the existence of an employment relationship is a factual issue for the Board to resolve and its decision will be upheld if supported by substantial evidence (see Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983]; Matter of Fatone [Addison St. Spa, LLC—Commissioner of Labor], 133 AD3d 1074, 1074 [2015], lv dismissed 27 NY3d 1060 [2016]).  Although no single factor is determinative, "[t]he relevant inquiry is whether the purported employer exercised control over the results produced or the means used to achieve those results, with control over the latter being the more important factor" (Matter of Stewart [American Inst. for Stuttering—Commissioner of Labor], 137 AD3d 1395, 1395 [2016]; see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]).

The record evidence establishes that the Housing Authority advertised for applicants and that each claimant filled out an application and each was required to submit a résumé and references, after which claimants were interviewed by a panel that determined to hire claimants (see Matter of Lobban [Precinct Sec. & Investigations, Inc.—Commissioner of Labor], 131 AD3d 1294, 1294-1295 [2015]; Matter of Ivy League Tutoring Connection, Inc. [Commissioner of Labor], 119 AD3d 1260, 1260-1261 [2014]).  Upon being hired, claimants were required to attend training (see Matter of Mitchum [Medifleet, Inc.—Commissioner of Labor], 133 AD3d 1156, 1157 [2015]; Matter of Cohen [Just Energy Mktg. Corp.—Commissioner of Labor], 117 AD3d 1112, 1113 [2014], lv dismissed 24 NY3d 928 [2014]).  The rate of pay for claimants, who generally worked 40 hours per week, was not subject to negotiation (see Matter of Klotz [Blue Perimeter, Inc.—Commissioner of Labor], 127 AD3d 1459, 1460 [2015]), and claimants were required to fill out and submit weekly time sheets that would have to be approved before they would receive their remuneration (see Matter of Lamar [Eden Tech., Inc.—Commissioner of Labor], 109 AD3d 1038, 1039 [2013]; Matter of Ray Catena Corp. [Commissioner of Labor], 274 AD2d 819, 820 [2000]).  While claimants did not receive benefits, they were reimbursed for expenses related to the costs of a cell phone, gas, tolls, cleaning and office supplies and shirts (see e.g. Matter of Armbruster [Summit Health, Inc.—Commissioner of Labor], 138 AD3d 1367, 1368 [2016]).  While performing duties as an outreach

worker, claimants were required to wear a Housing Authority identification badge and a jacket or shirt identifying them as part of the SNUG program (see Matter of Mitchum [Medifleet, Inc.—Commissioner of Labor], 133 AD3d at 1157; Matter of Cohen [Just Energy Mktg. Corp.—Commissioner of Labor], 117 AD3d at 1113) and were required to maintain a certain number of clients and to meet with those clients.  Claimants were also informed by the program manager of what activities they were required to participate in or attend, and community events and activities had to be approved through the SNUG program.  Claimants were also not allowed to subcontract their work or employ a substitute to perform their work (see Matter of Ritch [Island Tutoring Ctr., Inc.—Commissioner of Labor], 139 AD3d 1151, 1152 [2016]). Considering the foregoing evidence, the Board's finding that an employer-employee relationship existed between claimants and the Housing Authority is supported by substantial evidence and will not be disturbed.

McCarthy, J.P., Garry, Devine and Clark, JJ., concur.


ORDERED that the decisions are affirmed, without costs.


ENTER:


Robert D. Mayberger
Clerk of the Court