*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 29, 2016          521818
_____

In the Matter of the Claim of
    LEONARD COLE,
                    Respondent.

NIAGARA FALLS HOUSING
    AUTHORITY,                              MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:   September 8, 2016

Before:  Garry, J.P., Egan Jr., Lynch, Rose and Aarons, JJ.

_____

        Hodgson Russ, LLP, Buffalo (Melanie J. Beardsley of
counsel), for appellant.

        Thomas F. Garner, Middleburgh, for Leonard Cole,
respondent.

_____

Garry, J.P.

        Appeals from two decisions of the Unemployment Insurance
Appeal Board, filed December 3, 2014, which ruled, among other
things, that Niagara Falls Housing Authority is liable for
unemployment insurance contributions on remuneration paid to
claimant and others similarly situated.

        The Niagara Falls Housing Authority (hereinafter Housing
Authority) is a nonprofit governmental agency that provides
affordable housing for senior citizens and low-income families.
To facilitate its operations, the Housing Authority created

People and Possibilities, a nonprofit organization, to receive grants and to provide services to the community. To that end, claimant was retained by the Housing Authority as an outreach worker — and, later, as a field supervisor — for the Housing Authority's SNUG program, a program that sought to reduce community violence in high-violence areas within Niagara Falls. In 2012, after the grant money had been depleted and his work with the Housing Authority concluded, claimant applied for unemployment insurance benefits. The Department of Labor issued an initial determination finding that claimant was an employee of the Housing Authority and that the Housing Authority was liable for unemployment insurance contributions based on remuneration paid to claimant and others similarly situated. Following a hearing, an Administrative Law Judge sustained the Department's determination. Upon administrative appeal, the Unemployment Insurance Appeal Board agreed, determining that an employer-employee relationship existed between the Housing Authority and claimant and that the Housing Authority was liable for contributions based on remuneration paid to claimant and others similarly situated. The Housing Authority now appeals.

We affirm. It is well settled that the existence of an employment relationship is a factual issue for the Board to resolve and its decision will be upheld if supported by substantial evidence (see Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983]; Matter of Fatone [Addison St. Spa, LLC—Commissioner of Labor], 133 AD3d 1074, 1074 [2015], lv dismissed 27 NY3d 1060 [2016]). Although no single factor is determinative, "[t]he relevant inquiry is whether the purported employer exercised control over the results produced or the means used to achieve those results, with control over the latter being the more important factor" (Matter of Stewart [American Inst. for Stuttering—Commissioner of Labor], 137 AD3d 1395, 1395 [2016]; see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]).

Contrary to the Housing Authority's contention that it only exercised incidental control over claimant, the record evidence establishes that People and Possibilities was created so that the Housing Authority could receive donations and grant money, that it acted as a subsidiary and agent of the Housing Authority and

that the Housing Authority remained the fiscal and administrative agent for People and Possibilities's SNUG program. Prior to being hired, claimant filled out an application and was required to submit a résumé, after which he was interviewed by a panel, which included two officials from the Housing Authority, that determined to hire him (see Matter of Lobban [Precinct Sec. & Investigations, Inc.–Commissioner of Labor], 131 AD3d 1294, 1294-1295 [2015]; Matter of Ivy League Tutoring Connection, Inc. [Commissioner of Labor], 119 AD3d 1260, 1260-1261 [2014]). Upon being hired, claimant was required to attend training (see Matter of Mitchum [Medifleet, Inc.–Commissioner of Labor], 133 AD3d 1156, 1157 [2015]; Matter of Cohen [Just Energy Mktg. Corp.–Commissioner of Labor], 117 AD3d 1112, 1113 [2014], lv dismissed 24 NY3d 928 [2014]). The rate of pay for claimant, who was required to work 35 hours per week, was not subject to negotiation (see Matter of Klotz [Blue Perimeter, Inc.–Commissioner of Labor], 127 AD3d 1459, 1460 [2015]), and claimant was required to fill out and submit weekly time sheets that would have to be approved and signed by his supervisor before receiving remuneration from the Housing Authority (see Matter of Lamar [Eden Tech., Inc.–Commissioner of Labor], 109 AD3d 1038, 1039 [2013]; Matter of Ray Catena Corp. [Commissioner of Labor], 274 AD2d 819, 820 [2000]). While claimant did not receive benefits, he was reimbursed for expenses related to the costs of a cell phone, gas, tolls, food and office supplies (see e.g. Matter of Armbruster [Summit Health, Inc.–Commissioner of Labor], 138 AD3d 1367, 1368 [2016], lv dismissed ___ NY3d ___ [Sept. 13, 2016]), and the Housing Authority also provided claimant with office space to use in one of its buildings. While performing his duties as an outreach worker, claimant was required to wear a jacket or shirt, as well as a hat, identifying him as part of the SNUG program (see Matter of Mitchum [Medifleet, Inc.–Commissioner of Labor], 133 AD3d at 1157; Matter of Cohen [Just Energy Mktg. Corp.–Commissioner of Labor], 117 AD3d at 1113) and was required to maintain a certain number of clients and to meet with those clients. Claimant was also not allowed to subcontract his work or employ a substitute to perform his work (see Matter of Ritch [Island Tutoring Ctr., Inc.–Commissioner of Labor], 139 AD3d 1151, 1152 [2016]), and his work in the community was reviewed periodically and subject to oversight by his supervisors (see e.g. Matter of Waggoneer [Preston Leasing Corp.–Commissioner of

Labor], 137 AD3d 1380, 1381 [2016]).  Considering the foregoing
evidence, the Board's finding that an employer-employee
relationship existed between claimant and the Housing Authority
is supported by substantial evidence and will not be disturbed.

Egan Jr., Lynch, Rose and Aarons, JJ., concur.

ORDERED that the decisions are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court