*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 6, 2016          520354
_____

In the Matter of the Claim of
    MONIKA M. JACHYM,
                        Respondent.

TODAY'S CLEANING SERVICE,
    Doing Business as TODAY'S          MEMORANDUM AND ORDER
    MAID SERVICE,
                        Appellant.

COMMISSIONER OF LABOR,
                        Respondent.
_____

Calendar Date:  September 16, 2016

Before:  Peters, P.J., McCarthy, Garry, Clark and Aarons, JJ.

_____

        Mark S. Goldstein, New York City, for appellant.

        Samuel D. Castellino, Big Flats, for Monika M. Jachym,
respondent.

        Eric T. Schneiderman, Attorney General, New York City (Mary
Hughes of counsel), for Commissioner of Labor, respondent.

_____

Clark, J.

        Appeals from two decisions of the Unemployment Insurance
Appeal Board, filed April 14, 2014, which ruled that Today's
Cleaning Service is liable for unemployment insurance
contributions on remuneration paid to claimant and others
similarly situated.

Today's Cleaning Service (hereinafter TCS) is a referral agency engaged in the business of providing housekeepers, such as claimant, from its registry or database to perform cleaning services for its clients. After her business relationship with TCS concluded in 2011, claimant applied for unemployment insurance benefits. The Department of Labor issued an initial determination finding that claimant was an employee of TCS and that TCS was liable for unemployment insurance contributions based on remuneration paid to claimant and others similarly situated. Following a hearing, an Administrative Law Judge sustained the Department's determination. Upon administrative appeal, the Unemployment Insurance Appeal Board agreed, determining that an employer-employee relationship existed between TCS and claimant and that TCS was liable for contributions based on remuneration paid to claimant and others similarly situated. TCS now appeals.

We affirm. It is well settled that the existence of an employment relationship is a factual issue for the Board to resolve, and its decision will be upheld if supported by substantial evidence (see Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983]; Matter of Fatone [Addison St. Spa, LLC—Commissioner of Labor], 133 AD3d 1074, 1075 [2015], lv dismissed 27 NY3d 1060 [2016]). Although no single factor is determinative, the relevant inquiry is whether the purported employer exercised control over the results produced or the means used to achieve those results, with control over the latter being the more important factor (see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]; Matter of Stewart [American Inst. for Stuttering—Commissioner of Labor], 137 AD3d 1395, 1395 [2016]).

The record evidence establishes that TCS solicited applicants through online advertisements and through its website — which claimant used to complete an application and submit her résumé — and screened the applications that it received (see Matter of Lobban [Precinct Sec. & Investigations, Inc.—Commissioner of Labor], 131 AD3d 1294, 1294-1295 [2015]; Matter of Ivy League Tutoring Connection, Inc. [Commissioner of Labor], 119 AD3d 1260, 1260-1261 [2014]). TCS's hiring process also required claimant to complete several jobs on a voluntary and

trial basis, during which she would work alongside an experienced housekeeper who would report back on claimant's work and ability to effectively provide services for TCS's clients. The initial rate of pay was established and set by TCS, and TCS paid claimant by check. TCS informed claimant of her scheduled jobs — which claimant was required to promptly accept or reject — and the nature and scope of services required for each. During the performance of those cleaning services, TCS required claimant to wear an identification badge reflecting her affiliation with TCS (see Matter of Mitchum [Medifleet, Inc.—Commissioner of Labor], 133 AD3d 1156, 1157 [2015]; Matter of Cohen [Just Energy Mktg. Corp.— Commissioner of Labor], 117 AD3d 1112, 1113 [2014], lv dismissed 24 NY3d 928 [2014]). TCS also provided its clients with "scoreboards" that the clients could use to evaluate the services provided and inform TCS of a housekeeper's performance, which TCS could consider when assigning future jobs. If claimant was unable to provide an agreed-upon service or report for a job, claimant was required to immediately inform TCS, and TCS would secure a substitute (see Matter of Mitchum [Medifleet, Inc.— Commissioner of Labor], 133 AD3d at 1157).

Although claimant was allowed to keep any existing clients upon being hired by TCS and could work for other employers, the written referral agreement governing TCS's relationship with each housekeeper prohibited solicitation of TCS's clients for one year after the time period encompassed by the agreement and specified that TCS's client information remained the private property of TCS (see Matter of Ivy League Tutoring Connection, Inc. [Commissioner of Labor], 119 AD3d at 1261; Matter of Cohen [Just Energy Mktg. Corp.—Commissioner of Labor], 117 AD3d at 1113). In our view, substantial evidence supports the Board's decision, despite evidence in the record that could support a contrary result (see Matter of Viniotis [Town of Islip—Commissioner of Labor], 280 AD2d 731, 731-732 [2001]; cf. Matter of Dwightmoore [Fanfair—Commissioner of Labor], 126 AD3d 1221, 1222 [2015]; see also Matter of Klotz [Blue Perimeter, Inc.—Commissioner of Labor], 127 AD3d 1459, 1460 [2015]; Matter of Ivy League Tutoring Connection, Inc. [Commissioner of Labor], 119 AD3d at 1261; Matter of Lamar [Eden Tech., Inc.—Commissioner of Labor], 109 AD3d 1038, 1039 [2013]).

To the extent that TCS's procedural contentions are properly before us and relevant to the question of whether an employment relationship existed, TCS has, in the absence of a showing of good cause for an adjournment, failed to demonstrate that the Administrative Law Judge's denial of its requests for an adjournment of the hearing was improper or the product of partiality or bias (see 12 NYCRR 461.6 [a]; see also Matter of Palmer [Rescue Mission Alliance of Syracuse—Commissioner of Labor], 273 AD2d 525, 526 [2000]). Nor was TCS denied the opportunity to cross-examine any witnesses who testified or to present testimony and produce evidence in support of its position at the hearing (see 12 NYCRR 461.4 [c]). The remaining arguments advanced by TCS, to the extent not specifically addressed herein, have been examined and found to be without merit.

Peters, P.J., McCarthy, Garry and Aarons, JJ., concur.

ORDERED that the decisions are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court