*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: May 21, 2015                519861
_____

In the Matter of the Claim of
    RENEA E. AUSSICKER,
                    Respondent.

PARK RIDE FLY USA,                          MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  March 31, 2015

Before:  Peters, P.J., Garry, Rose and Devine, JJ.

                    _____


        Tabner, Ryan & Keniry, LLP, Albany (Brian M. Quinn of
counsel), for appellant.

        Cynthia Feathers, Glens Falls, for Renea E. Aussicker,
respondent.

        Eric T. Schneiderman, Attorney General, New York City
(Steven Koton of counsel),for Commissioner of Labor, respondent.

                    _____


        Appeals from two decisions of the Unemployment Insurance
Appeal Board, filed December 10, 2013, which ruled, among other
things, that Park Ride Fly USA was liable for unemployment
insurance contributions based on remuneration paid to claimant
and others similarly situated.

        Park Ride Fly USA (hereinafter PRF) is a third-party
booking agency servicing customers seeking to make reservations
at various off-site airport parking facilities.  It maintains a
website through which the majority of its customers make their

reservations.  PRF engaged individuals, such as claimant, to act as customer service representatives to provide telephone support to customers needing assistance with booking online reservations. Claimant provided such services for PRF for approximately one year, after which she applied for unemployment insurance benefits.  Claimant was subsequently awarded benefits and PRF was assessed unemployment insurance contributions based on remuneration paid to claimant and others similarly situated.  The Unemployment Insurance Appeal Board agreed, upon concluding that an employment relationship existed between PRF and claimant, as well as other similarly situated customer service representatives.  PRF now appeals.

We affirm.  Initially, "[i]t is well settled that the existence of an employment relationship is a factual issue for the Board to decide and its determination will be upheld if supported by substantial evidence" (Matter of Speilberger [Commissioner of Labor], 122 AD3d 998, 999 [2014]; see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]).  "While no single factor is determinative, control over the results produced or the means used to achieve those results are pertinent considerations, with the latter being more important" (Matter of Joyce [Coface N. Am. Ins. Co.—Commissioner of Labor], 116 AD3d 1132, 1134 [2014] [internal quotation marks and citations omitted]).

Here, claimant was offered the position after an informal interview with PRF's Director of Online Services who agreed to pay her the requested hourly rate of $11.  Although claimant and other representatives worked from home and were required to provide their own Internet service, PRF furnished them with special phones that utilized the voice over Internet protocol necessary to assist customers.  In addition, PRF provided training on use of the phones as well as the services that it provided to its customers.  Although PRF did not establish set hours and allowed the representatives to hold other jobs, it set up a schedule online that the representatives completed by selecting the hours that they wished to work, and PRF emailed them their final schedules.  Claimant and the other representatives submitted invoices for hours worked that PRF would, in turn, check against their work schedules.  Notably, PRF

was able to monitor the representatives while they were assisting customers to verify that they were working and to ensure quality service. Moreover, PRF handled customer complaints and took corrective action where necessary. In view of the foregoing, although there is evidence that would support a contrary conclusion, substantial evidence supports the Board's finding that PRF exercised sufficient control over the manner in which claimant and the other customer service representatives performed their work such as to be deemed their employer (see Matter of Yoga Vida NYC, Inc. [Commissioner of Labor], 119 AD3d 1314, 1315 [2014], lv granted 24 NY3d 909 [2014]; Matter of Cohen [Just Energy Mktg. Corp.—Commissioner of Labor], 117 AD3d 1112, 1113 [2014], lv dismissed 24 NY3d 928 [2014]). Therefore, we find no reason to disturb the Board's decisions.

Peters, P.J., Garry, Rose and Devine, JJ., concur.

ORDERED that the decisions are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court