*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   October 8, 2015                    520144
_____

In the Matter of the Claim of
    GAYLE S. GLUCK,
                    Respondent.

DAVINCI 3D CORP.,                        MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:   September 11, 2015

Before:   McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

_____

    Neil Wallace, Williamsburg, Virginia, for appellant.

    Francis J. Smith, Albany, for Gayle S. Gluck, respondent.

_____

Lynch, J.

    Appeal from a decision of the Unemployment Insurance Appeal
Board, filed January 29, 2014, which ruled that claimant was
entitled to receive unemployment insurance benefits.

    DaVinci 3D Corp. is engaged in the business of producing
autostereoscopic three dimensional television and conversion
technology that is used to take two dimensional content and
display it in three dimensional format without the use of
glasses.  In June 2012, DaVinci retained claimant as a sales and
marketing representative to promote its products to clients
throughout the United States and abroad.  Claimant, however,
failed to make any sales and stopped working for DaVinci in this
capacity in December 2012.  In July 2013, she filed a claim for

unemployment insurance benefits, but it was denied on the ground that she was unable to file a valid original claim because she did not have a sufficient number of weeks of covered employment in her base period as she was deemed an independent contractor during the period that she worked for DaVinci.  Claimant contested the denial and, following a hearing, an Administrative Law Judge sustained it.  The Unemployment Insurance Appeal Board, however, reversed the Administrative Law Judge's decision and found that an employment relationship existed between claimant and DaVinci, thereby entitling her to receive benefits.  DaVinci now appeals.

Initially, the existence of an employment relationship is a factual issue for the Board to decide and its determination will be upheld if supported by substantial evidence (see Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983]; Matter of Pratt [Cellular Sales of N.Y., LLC—Commissioner of Labor], 128 AD3d 1306, 1306 [2015]).  The pertinent inquiry is whether the purported employer exercised control over the results produced or the means used to achieve those results, with control over the latter being the more important factor to consider (see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]; Matter of Anwer [Exclusive Fragrance & Cosmetics Inc.—Commissioner of Labor], 114 AD3d 1114, 1114 [2014]).

Here, claimant knew DaVinci's principal through prior business dealings and obtained the job after submitting a resume, but did not go through a formal hiring procedure.  Through negotiation, the principal agreed to pay her $4,000 per month, plus health insurance, and to reimburse her for business-related expenses.  Her compensation was initially supposed to be a draw on commission, but turned out to be a salary that she was paid every other week regardless of sales.  Although claimant worked from home, she provided the principal with weekly activity reports, maintained regular contact by phone and email, and received specific instructions on products, pricing, delivery and clients.  In addition, claimant contacted clients who she had dealings with in the past, but also claimant followed up on leads directed to her by the principal and met with him at conventions and product demonstrations.  Notably, the principal provided

claimant with a three dimensional television and other equipment needed to conduct her sales activities, as well as training on how to operate the equipment.  In view of the foregoing, and notwithstanding the evidence that would support a contrary conclusion, substantial evidence supports the Board's finding that an employment relationship existed between claimant and DaVinci (see Matter of Pickton [Priority Assist Inc.—Commissioner of Labor], 127 AD3d 1484, 1486 [2015]; Matter of Miciletto [Village Wine Imports Ltd.—Commissioner of Labor], 109 AD3d 1035, 1035-1036 [2013]).  We, therefore, decline to disturb its decision.

McCarthy, J.P., Egan Jr. and Clark, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court