*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 19, 2015          520442
_____

In the Matter of the Claim of
    VIRGINIA L. ECKERT,
                    Respondent.

FOX MOBILE DISTRIBUTION LLC,                MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  October 16, 2015

Before:  McCarthy, J.P., Rose, Lynch and Devine, JJ.

                    _____

        Mintz & Gold LLP, New York City (Scott A. Klein of
counsel), for appellant.

        James W. Cooper, Warrensburg, for Virginia L. Eckert,
respondent.

                    _____

Devine, J.

        Appeals from two decisions of the Unemployment Insurance
Appeal Board, filed March 26, 2014, which ruled, among other
things, that Fox Mobile Distribution LLC was liable for
unemployment insurance contributions based on remuneration paid
to claimant and others similarly situated.

        Fox Mobile Distribution LLC is in the business of
developing and selling applications and products for mobile
devices, such as ring tones and entertainment programs.
Claimant, an experienced writer, worked as a copy writer and
editor for Fox from 2009 to 2010.  She thereafter applied for

unemployment insurance benefits, which prompted the Department of Labor to determine that she was an employee entitled to unemployment benefits and that Fox was liable for additional contributions on remuneration paid to claimant and others similarly employed. Following a hearing, an Administrative Law Judge sustained that determination and the Unemployment Insurance Appeal Board agreed. Fox now appeals.

We affirm. "Whether an employer-employee relationship exists is a factual question to be resolved by the Board and its determination in that regard will be upheld so long as it is supported by substantial evidence, even though there may be evidence in the record that could have supported a contrary conclusion" (Matter of DeRose [Winston Retail Solutions, LLC-Commissioner of Labor], 119 AD3d 1174, 1174-1175 [2014] [internal quotation marks and citations omitted]; see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]). While no factor is determinative and all aspects of the work arrangement must be examined, "the primary focus is whether the purported employer exercises control over the results produced or, more importantly, the means by which those results are produced" (Matter of Perdue [Environmental Compliance, Inc.-Commissioner of Labor], 47 AD3d 1139, 1140 [2008] [internal quotation marks and citations omitted]). Here, the record contains substantial evidence that Fox exercised the requisite control over claimant's work product to establish her status as its employee. Claimant was paid at a set hourly wage, entitled to reimbursement for approved travel and expenses and provided a cellular phone to test Fox's products (see id.). The project team leaders — who were employees — educated her regarding the product, delegated specific writing or editing tasks, provided direction and set completion deadlines. Claimant regularly reviewed her work progress with the project manager, received ongoing feedback and made necessary revisions and adjustments (see Matter of DeRose [Winston Retail Solutions, LLC-Commissioner of Labor], 119 AD3d at 1175). She was also required to come to Fox's office for meetings and reviews of her copy. The fact that the parties' agreement designated claimant as a contractor is not dispositive (see Matter of Booth [Eagle Intl., Inc.-Commissioner of Labor], 26 AD3d 692, 693 [2006]). Given this evidence, the Board could properly find that claimant was

an employee, notwithstanding the record proof that could support a contrary finding (see Matter of Pratt [Cellular Sales of N.Y., LLC-Commissioner of Labor], 128 AD3d 1306, 1307 [2015]).

We have examined the remaining contention of Fox and have found it to be without merit.

McCarthy, J.P., Rose and Lynch, JJ., concur.


ORDERED that the decisions are affirmed, without costs.




ENTER:


Robert D. Mayberger
Clerk of the Court