## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  April 21, 2016                    520934
_____

In the Matter of the Claim of
    STEVEN KRISTENSEN,
                    Respondent.

LAW OFFICES OF DAVID C.
    BIRDOFF,                                MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  March 24, 2016

Before:  McCarthy, J.P., Egan Jr., Rose, Devine and Clark, JJ.

_____

        Law Offices of David C. Birdoff, New York City (David C.
Birdoff of counsel), for appellant.

        Samuel D. Castellino, Big Flats, for Steven Kristensen,
respondent.

        Eric T. Schneiderman, Attorney General, New York City (Gary
Leibowitz of counsel), for Commissioner of Labor, respondent.

_____

McCarthy, J.P.

        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed July 9, 2014, which ruled that the Law Offices of
David C. Birdoff was liable for unemployment insurance
contributions on remuneration paid to claimant and those
similarly situated.

Claimant was employed as a paralegal at a small law office. Following claimant's application for unemployment insurance benefits, the Unemployment Insurance Appeal Board overruled the law office's objection that claimant was an independent contractor and, based upon a finding of an employer-employee relationship, deemed the law office liable for unemployment insurance contributions on remuneration paid to claimant and those similarly situated. This appeal ensued.

We affirm. The existence of an employer-employee relationship is a factual determination for the Board to resolve and its decision will be upheld if supported by substantial evidence (see Matter of Morris [Source Interlink Media, LLC—Commissioner of Labor], 131 AD3d 1287, 1287 [2015], lv dismissed 26 NY3d 1137 [2016]; Matter of Singhal [Brody—Commissioner of Labor], 128 AD3d 1308, 1308 [2015]). "While no factor is determinative and all aspects of the work arrangement must be examined, the primary focus is whether the purported employer exercises control over the results produced or, more importantly, the means by which those results are produced" (Matter of Eckert [Fox Mobile Distrib. LLC—Commissioner of Labor], 133 AD3d 1075, 1076 [2015] [internal quotation marks and citations omitted]; see Matter of Guidicipietro [Hariton & D'Angelo, LLP—Commissioner of Labor], 24 AD3d 1159, 1159-1160 [2005]). Here, the record establishes that claimant's work was assigned by the law office, he could not reassign his work to anyone, he was paid hourly and he was required to submit time sheets reflecting both client billable hours and administrative hours. Furthermore, claimant's work was reviewed by an attorney, any corrections were to be made by claimant, the law office was ultimately responsible for the work product, the law office supplied claimant with all of the equipment and material needed to perform the work and any expenses were reimbursed by the law office. In view of the foregoing, substantial evidence supports the Board's finding that the law office exercised sufficient control over claimant's work to establish an employer-employee relationship (see Matter of Singhal [Brody—Commissioner of Labor], 128 AD3d at 1309; Matter of Spinelli [Commissioner of Labor], 300 AD2d 770, 771 [2002]). As such, the Board's decision will not be disturbed.

Egan Jr., Rose, Devine and Clark, JJ., concur.

ORDERED that the decision is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court