*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: April 28, 2016         521422
_____

In the Matter of the Claim of
   WILLIAM J. DWYER,
                Respondent.

NASSAU REGIONAL OFF-TRACK          MEMORANDUM AND ORDER
   BETTING CORP.,
                Appellant.

COMMISSIONER OF LABOR,
                Respondent.
_____

Calendar Date: March 23, 2016

Before: Peters, P.J., Lahtinen, Rose, Lynch and Aarons, JJ.

_____

      Berkman, Henoch, Peterson, Peddy & Fenchel, PC, Garden City
(Daniel J. Evers of counsel), for appellant.

      Christopher Hammond, Cooperstown, for William J. Dwyer,
respondent.

_____

Lynch, J.

      Appeals from two decisions of the Unemployment Insurance
Appeal Board, filed September 19, 2014, which ruled, among other
things, that Nassau Regional Off-Track Betting Corp. was liable
for unemployment insurance contributions on remuneration paid to
claimant and others similarly situated.

      Claimant, a retired police officer, worked as a security
consultant at a facility known as the Race Palace operated by the
Nassau Regional Off-Track Betting Corp. (hereinafter OTB). The
Race Palace is a 60,000-square foot teletheater that comprises a

substantial part of OTB's business and handles a significant amount of cash.  OTB retained the security consultants to patrol the facility in an undercover manner, monitor security cameras and interact with patrons during the busiest hours.  After claimant stopped working at the Race Palace, he filed a claim for unemployment insurance benefits.  Thereafter, the Department of Labor found that claimant and other similarly situated security consultants were employees of OTB and ruled that it was liable for unemployment insurance contributions based on remuneration paid to these individuals.  This determination was upheld by an Administrative Law Judge following a hearing.  The Unemployment Insurance Appeal Board subsequently affirmed the Administrative Law Judge's decisions and OTB now appeals.

We affirm.  It is well settled that the existence of an employment relationship is a factual issue for the Board to resolve and its decision will be upheld if supported by substantial evidence (see Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983]; Matter of Fatone [Addison St. Spa LLC—Commissioner of Labor], 133 AD3d 1074, 1075 [2015]).  Although no single factor is determinative, the relevant inquiry is whether the purported employer exercised control over the results produced or the means used to produce those results, with control over the latter being the more important factor (see Matter of Empire State Towing & Recovery Assn. Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]; Matter of Harold [Leonard's Transp.—Commissioner of Labor]. 133 AD3d 1069, 1070 [2015], lv dismissed 26 NY3d 1136 [2016]).

Here, claimant and the other security consultants provided services exclusively at the location of the Race Palace and claimant's work schedule was established through consultation with another security consultant.  He was compensated at a negotiated hourly rate of pay that was set forth in an independent contractor agreement and was required to submit claim forms and activity reports detailing his services within established time frames in order to receive payment from OTB.  In addition, he was reimbursed by OTB for certain preapproved expenses and was required to keep all information regarding his services strictly confidential.  In view of the foregoing, substantial evidence supports the Board's finding that OTB

retained the requisite control necessary to establish the existence of an employment relationship (see generally Matter of Ramirez [Propoint Graphics LLC—Commissioner of Labor], 127 AD3d 1295, 1296-1297 [2015]; Matter of Jaeger [Vendor Control Serv. Inc.—Commissioner of Labor], 106 AD3d 1360, 1360-1361 [2013]). Although the written agreement designated claimant as an independent contractor, it is not dispositive of claimant's employment status (see Matter of Eckert [Fox Moblie Distrib. LLC—Commissioner of Labor], 133 AD3d 1075, 1076 [2015]; Matter of Stewart [AML Partners, LLC—Commissioner of Labor], 118 AD3d 1198, 1199 [2014]).

Peters, P.J., Lahtinen, Rose and Aarons, JJ., concur.


ORDERED that the decisions are affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court