## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: August 25, 2016        520070
_____

In the Matter of GREYSTOKE
   INDUSTRIES LLC, Doing
   Business as PARADISE
   FOUND,                       MEMORANDUM AND ORDER
                 Appellant.

COMMISSIONER OF LABOR,
                 Respondent.
_____

Calendar Date: August 18, 2016

Before: Garry, J.P., Egan Jr., Devine, Mulvey and Aarons, JJ.

_____

     Bond, Schoeneck & King, PLLC, Syracuse (Subhash Viswanathan of counsel), for appellant.

     Eric T. Schneiderman, Attorney General, New York City (Dawn A. Foshee of counsel), for respondent.

_____

Egan Jr., J.

     Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed January 15, 2014, which assessed Greystoke Industries LLC for additional unemployment insurance contributions, and (2) from a decision of said Board, filed August 21, 2015, which, upon reopening, among other things, adhered to its prior decision.

     Greystoke Industries LLC operates Paradise Found, a club featuring exotic dancers. An investigation by the Department of Labor determined that the dancers were employees of the club and additional unemployment insurance contributions were assessed. Following a hearing, an Administrative Law Judge sustained the

Department's determination, and the Unemployment Insurance Appeal Board affirmed upon review. After the Board reopened its decision, it again affirmed the Administrative Law Judges's determination and also found that the dancers were employees pursuant to Labor Law § 511 (1) (b) (1-a). Greystoke now appeals both decisions.

We affirm. "Whether there exists an employment relationship is a factual issue for resolution by the Board and its decision will not be disturbed when supported by substantial evidence" (Matter of Duno [Anthony Stone Investigative & Sec. Servs., Inc.–Commissioner of Labor], 120 AD3d 1512, 1512 [2014] [citations omitted]; see Matter of Eray Inc. [Commissioner of Labor], 136 AD3d 1129, 1130 [2016]). An employment relationship "exists when the evidence shows that the employer exercises control over the results produced or the means used to achieve the results, with the latter more important" (Matter of DeVaul [Guardi–Commissioner of Labor], 138 AD3d 1371, 1371 [2016] [internal quotation marks and citations omitted]; see Matter of Exotic Is. Enters. [Commissioner of Labor], 135 AD3d 1087, 1087 [2016]).

The record reflects that the club would evaluate prospective dancers and instruct those who were inexperienced to observe a more experienced dancer. If the club determined that a dancer was "unappealing," the dancer would not be permitted to continue to perform. Additionally, the dancers were required to present proof of legal age and citizenship or their services would not be engaged. The club charged patrons an admission fee and set the prices that the dancers would charge patrons for private one-on-one dances, with the club retaining a percentage thereof, and patrons would pay the club's bartender for the private dances. While the dancers could set their own schedules, the club would compile a nightly list of the dancers scheduled to perform and post it on its website. Finally, the club provided the stage, private dance rooms, lighting and sound equipment, while the dancers supplied their own costumes and music. Despite evidence in the record that could support a contrary result, we find that there is substantial evidence supporting the Board's determination that the club exercised sufficient control over the dancers to establish an employment relationship (see Matter of

Exotic Is. Enters. [Commissioner of Labor], 135 AD3d at 1088;
Matter of Enjoy the Show Mgt. [Commissioner of Labor], 287 AD2d
822, 822-823 [2001]).  In light of this finding, we need not
address the Board's additional determination that the dancers
also were employees pursuant to Labor Law § 511 (1) (b) (1-a)
(see Matter of Exotic Is. Enters. [Commissioner of Labor], 135
AD3d at 1089).

　　　Garry, J.P., Devine, Mulvey and Aarons, JJ., concur.


　　　ORDERED that the decisions are affirmed, without costs.




　　　　　ENTER:


　　　　　Robert D. Mayberger
　　　　　Clerk of the Court