*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 27, 2016                    520746
_____

In the Matter of the Claim of
    BERTRAND BAEZ,
                        Respondent.

PD 10276, INC., Doing Business
    as JAN-PRO CLEANING                    MEMORANDUM AND ORDER
    SYSTEMS,
                        Appellant.

COMMISSIONER OF LABOR,
                        Respondent.
_____


Calendar Date:   September 8, 2016

Before:   Garry, J.P., Egan Jr., Lynch, Rose and Aarons, JJ.


                    _____


        Jackson Lewis, PC, White Plains (Penny Ann Lieberman of
counsel), for appellant.

        Pamela B. Bleiwas, Ithaca, for Bertrand Baez, respondent.

        Eric T. Schneiderman, Attorney General, New York City
(Steven Koton of counsel), for Commissioner of Labor, respondent.


                    _____


Aarons, J.

        Appeals from two decisions of the Unemployment Insurance
Appeal Board, filed May 28, 2014, which, among other things,
ruled that PD 10276, Inc. was liable for unemployment insurance
contributions on renumeration paid to claimant and others
similarly situated.

Claimant operated a janitorial cleaning service based upon a franchise agreement entered into with PD 10276, Inc., doing business as Jan-Pro Cleaning Systems (hereinafter Jan-Pro). In 2009, claimant ceased his operations and applied for unemployment insurance benefits. At the same time, the Department of Labor conducted an unemployment insurance tax audit of Jan-Pro for the period January 2006 through December 2007. The Department issued initial determinations finding that claimant and others similarly situated were employees of Jan-Pro and that Jan-Pro owed additional unemployment insurance contributions in the amount of $30,166.93. Jan-Pro objected and, after a hearing, an Administrative Law Judge reversed the Department's determinations and sustained Jan-Pro's objections to the additional contributions due. On administrative appeal, the Unemployment Insurance Appeal Board reversed the determinations of the Administrative Law Judge and found, among other things, that claimant was an employee of Jan-Pro. These appeals by Jan-Pro ensued.

Whether an employment relationship exists within the meaning of the unemployment insurance law is a factual question for the Board to determine and no one factor is determinative (see Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983]; Matter of Corbin [Telecom Consulting Group NE Corp.—Commissioner of Labor], 91 AD3d 992, 993 [2012]). "An employment relationship will be found when the evidence shows that the employer exercises control over the results produced or the means used to achieve the results, with control over the means [being] the more important factor" (Matter of McAlevey [Agewell Physical Therapy & Wellness, P.C.—Commissioner of Labor], 126 AD3d 1219, 1220 [2015] [internal quotation marks and citation omitted]; see Matter of Kristensen [Law Offs. of David C. Birdoff—Commissioner of Labor], 138 AD3d 1318, 1319 [2016]). When the Board's decision is supported by substantial evidence, it is beyond judicial review even if evidence supporting a contrary result exists in the record (see Matter of Isaacs [Speedy Media Assoc., LLC—Commissioner of Labor], 125 AD3d 1077, 1078 [2015]; Matter of Odyssey Transp., LLC [Commissioner of Labor], 62 AD3d 1175, 1176 [2009]).

We conclude that substantial evidence exists to support the Board's finding of an employer-employee relationship. The record evidence demonstrates that Jan-Pro assigned claimant a specific geographic territory and required new franchisees to undergo initial mandatory training, which was paid for by Jan-Pro. Franchisees were also required to operate the business in accordance with the procedures established at the training and the standards set forth by Jan-Pro (see Matter of Gluck [DaVinci 3D Corp.—Commissioner of Labor], 132 AD3d 1045, 1046 [2015]; Matter of Joyce [Coface N. Am. Ins. Co.—Commissioner of Labor], 116 AD3d 1132, 1134 [2014]). To that end, franchisees had to use Jan-Pro-sanctioned equipment, supplies, products and business forms (see Matter of Armbuster [Summit Health, Inc.—Commissioner of Labor], 138 AD3d 1367, 1368 [2016], lv dismissed 28 NY3d 946 [2016]). Jan-Pro helped resolve any complaints between a customer and a franchisee and retained the right to discontinue a franchisee's services to any client any time (see Matter of McAlevey [Agewell Physical Therapy & Wellness, P.C.—Commissioner of Labor], 126 AD3d at 1220). Jan-Pro provided franchisees with a starter set of business cards, which contained Jan-Pro's logo, and claimant's business card listed Jan-Pro's name, logo and address (see Matter of Interlandi [Cremosa Foods Co., LLC—Commissioner of Labor], 70 AD3d 1150, 1151 [2010]). Although claimant had the option of designing his own business card, any such designs required Jan-Pro's approval. Furthermore, according to the franchise agreement, if claimant developed any new concepts or techniques that improved Jan-Pro's business, they became Jan-Pro's property (see Matter of Redwoodturral [Everest Prod. Corp.—Commissioner of Labor], 133 AD3d 1064, 1065 [2015]).

The franchise agreement also contained a non-compete provision barring claimant from operating for one year in any area of Jan-Pro's affiliates or franchises (see Matter of Garbowski [Dynamex Operations E., Inc.—Commissioner of Labor], 136 AD3d 1079, 1080 [2016]). Moreover, the franchise agreement gave Jan-Pro the sole right to invoice and collect from claimant's customer accounts, maintain revenue records with respect to such accounts and accept payment from claimant's customers. While the franchise agreement designated claimant as an independent contractor, such terms are not dispositive of claimant's status (see Matter of Francis [West Sanitation

Servs.—Sweeney], 246 AD2d 751, 752 [1998], lvs dismissed 92 NY2d 886 [1998], 93 NY2d 833 [1999]; cf. Matter of Dwyer [Nassau Regional Off-Track Corp.—Commissioner of Labor], 138 AD3d 1369, 1370 [2016]).

Based on the foregoing, even though the record contains evidence that could support a contrary result, because the Board's decision is supported by substantial evidence, we decline to disturb it (see Matter of Odyssey Transp., LLC [Commissioner of Labor], 62 AD3d at 1176; Matter of Pepsi Cola Buffalo Bottling Corp. [Hartnett], 144 AD2d 220, 222 [1988]).  Finally, we find no error in the Board's determination that Jan-Pro is liable for contributions on renumeration paid to all others similarly situated to claimant (see Matter of Ritch [Island Tutoring Ctr., Inc.—Commissioner of Labor], 139 AD3d 1151, 1153 [2016]).

Garry, J.P., Egan Jr., Lynch and Rose, JJ., concur.

ORDERED that the decisions are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court