# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered: December 29, 2016          522848
_____

In the Matter of TMR SECURITY
   CONSULTANTS, INC.,
               Appellant.

                              MEMORANDUM AND ORDER

COMMISSIONER OF LABOR,
               Respondent.
_____

Calendar Date: November 16, 2016

Before: Egan Jr., J.P., Lynch, Rose, Clark and Aarons, JJ.

_____

     McNamee, Lochner, Titus & Williams, PC, Albany (Scott C. Paton of counsel), for appellant.

     Eric T. Schneiderman, Attorney General, New York City (Mary Hughes of counsel), for respondent.

_____

Aarons, J.

     Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 9, 2015, which assessed TMR Security Consultants, Inc. for additional unemployment insurance contributions.

     To provide various security services for its clients, TMR Security Consultants, Inc. solicited the services of licensed security officers, many of whom are former police officers, military personnel or firefighters or otherwise have law enforcement experience. Following an audit by the Department of Labor for the years 2008 and 2009, TMR was assessed for unemployment insurance contributions on behalf of the security officers who performed services for its clients. TMR objected, contending that its security officers were independent

contractors rather than employees. Following a hearing, an Administrative Law Judge sustained TMR's objection and overruled the Department's determination. Upon administrative review, the Unemployment Insurance Appeal Board, finding that an employment relationship existed between TMR and its security officers, reversed the decision of the Administrative Law Judge and upheld the Department's initial determination. TMR appeals. We reverse.

"Whether there exists an employment relationship is a factual issue for resolution by the Board and its decision will not be disturbed when supported by substantial evidence" (Matter of Greystoke Indus. LLC [Commissioner of Labor], 142 AD3d 746, 746 [2016] [internal quotation marks and citations omitted]; see Matter of Eray Inc. [Commissioner of Labor], 136 AD3d 1129, 1130 [2016]). "Although no single factor is determinative, the relevant inquiry is whether the purported employer exercised control over the results produced or the means used to achieve those results, with control over the latter being the more important factor" (Matter of Davis [Niagara Falls Hous. Auth.—Commissioner of Labor], 142 AD3d 1269, 1270 [2016] [internal quotation marks, brackets and citations omitted]; accord Matter of Dwyer [Nassau Regional Off-Track Corp.—Commissioner of Labor], 138 AD3d 1369, 1370 [2016]; see Matter of Duno [Anthony Stone Investigative & Sec. Servs., Inc.—Commissioner of Labor], 120 AD3d 1512, 1513 [2014]).[1]

The record evidence reveals that TMR posted security-related jobs on a secure website for its clients, who dictated the hours to be worked, as well as the scope of services

---

[1]  To the extent that we have applied the overall control test to determine whether an employer-employee relationship exists in unemployment insurance cases involving individuals providing security services (see Matter of Lobban [Precinct Sec. & Investigations, Inc.—Commissioner of Labor], 131 AD3d 1294, 1294 [2015]; Matter of Klotz [Blue Perimeter, Inc.—Commissioner of Labor], 127 AD3d 1459, 1460 [2015]; Matter of Ray Catena Corp. [Commissioner of Labor], 274 AD2d 819, 820 [2000]), such cases should no longer be followed for that proposition.

that were needed.  The security officers, after browsing through these postings, would request to work on any particular job, which TMR ultimately awarded on a "first come, first serve" basis.  The security officers were free to select a job that they wanted and were not prohibited from seeking jobs from TMR's competitors.  TMR did not provide the security officers with training or equipment nor did TMR pay the security officers a set hourly rate.  Furthermore, once TMR placed the security officer with a client, TMR did not enter into a contract with the security officer.  While a security officer could be in the middle of a continuing job for a client, he or she was nonetheless free to leave at any point and work elsewhere.  In addition, if an issue arose with the security officer's performance, the client dealt with the security officer directly, and TMR would be notified if it needed to provide a substitute security officer.  Inasmuch as the proof of incidental control relied upon by the Board does not support the conclusion that the security officers were employees (see Matter of Yoga Vida NYC, Inc. [Commissioner of Labor], 28 NY3d 1013, 1016 [2016]), under the circumstances of this case, the Board's decision must be reversed (see Matter of Chan [Market Force Info.–Commissioner of Labor], 128 AD3d 1146, 1146-1147 [2015]; Matter of Lee [Encore Nationwide Inc.–Commissioner of Labor], 127 AD3d 1399, 1399-1400 [2015]; Matter of Jennings [American Delivery Solution, Inc.–Commissioner of Labor], 125 AD3d 1152, 1153 [2015]; Matter of John Lack Assoc., LLC [Commissioner of Labor], 112 AD3d 1042, 1043-1044 [2013]; Matter of Best [Lusignan–Commissioner of Labor], 95 AD3d 1536, 1537-1538 [2012]).

Egan Jr., J.P., Lynch, Rose and Clark, JJ., concur.

ORDERED that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.


ENTER:

Robert D. Mayberger
Clerk of the Court