Mulvey, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 4, 2015, which ruled that Barrier Window Systems, Inc. was liable for additional unemployment insurance contributions on remuneration paid to certain installers of building products and others similarly situated.
Barrier Window Systems, Inc. was engaged in the business of selling and installing windows, siding, gutters and other *1374 building products until February 2011, when it eliminated its installation department. At that time, it began purchasing most building products from a manufacturer that could provide installation services to Barrier’s customers through the manufacturer’s related installation company. For products that were not so installed, Barrier retained the services of installers it deemed to be subcontractors, some of whom had been former employees in Barrier’s installation department.[1] After an audit, the Department of Labor issued an initial determination finding that Barrier was liable for additional unemployment insurance contributions on remuneration paid to these installers and to others similarly situated. Barrier contested the determination and, following a hearing, an Administrative Law Judge overruled it, finding that the installers were independent contractors. On administrative appeal, the Unemployment Insurance Appeal Board reversed the Administrative Law Judge’s decision, finding that Barrier had not overcome the statutory presumption of an employment relationship set forth in Labor Law § 861-c, which is part of the New York State Construction Industry Fair Play Act (hereinafter the Fair Play Act). Barrier now appeals.
The Fair Play Act, codified in Labor Law article 25-B, was enacted as a measure to curb widespread abuses in the construction industry stemming from the misclassification of workers as independent contractors resulting in unfavorable consequences for both the workers and the public (see Labor Law § 861-a). In accordance therewith, the Fair Play Act contains a statutory presumption that a person performing services for a contractor engaged in construction shall be classified as an employee unless it is demonstrated that such person is an independent contractor or a separate business entity (see Labor Law § 861-c [1], [2]).[2] In order to be considered an independent contractor, a person must satisfy three criteria set forth in the statute: (a) the person must be free from the contractor’s direction and control in performing the service; (b) the service performed must be outside the usual course of the contractor’s business; and (c) the person must be customarily engaged in an independently established occupation similar to *1375 the service performed (see Labor Law § 861-c [1] [a], [b], [c]). This new statutory test is sometimes referred to as the ABC test (see Governor’s Approval Mem, Bill Jacket, L 2010, ch 418 at 5). The separate business entity test, codified in Labor Law § 861-c (2), sets forth 12 criteria to be used to determine whether a person is a separate business entity and, thus, not subject to the presumption that he or she is an employee of the contractor. Notably, in each test, all of the criteria must be met to overcome the statutory presumption of an employment relationship.
We begin with the well-established principle that, in our review of agency determinations, the “determination of the appeal board, if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary conclusion” (Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983]; see Matter of Mitchell [Nation Co. Ltd Partners — Commissioner of Labor], 145 AD3d 1404, 1405 [2016]; Matter of Baez [PD 10276, Inc. — Commissioner of Labor], 143 AD3d 1190, 1191 [2016]). “[Substantial evidence consists of proof within the whole record of such quality and quantity as to generate conviction in and persuade a fair and detached fact finder that, from that proof as a premise, a conclusion or ultimate fact may be extracted reasonably— probatively and logically” (Matter of Yoga Vida NYC, Inc. [Commissioner of Labor], 28 NY3d 1013, 1015 [2016] [internal quotation marks and citation omitted]). “Whether [the Board’s] determination is shored up by substantial evidence is a question of law to be decided by the courts” (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181 [1978]). We conclude that, on the record before us, substantial evidence supports the Board’s decision and therefore affirm.
Barrier first contends that it is not a contractor subject to the Fair Play Act.[3] Here, testimony was presented at the hearing that, in February 2011, Barrier changed its business model from selling and installing building products to only selling building products. Barrier claims that, after it eliminated its installation department and laid off those employees, it was no longer engaged in construction. The Board found that Barrier’s contract with its customers included an option for it to arrange *1376 for installation of the products that it sold, which was often done by installers who were its former employees. A customer would be charged a separate fee for installation and Barrier’s contract form included spaces for both the material price and the installation price.[4] For installations arranged by Barrier, it determined the installation price and selected an installer from a list that it maintained. There was no negotiation of the installation price with the installer. Barrier paid the installation price directly to the installer and also reimbursed the installer for certain expenses outside the installation price, such as mileage, lead paint containment, dump fees and building permit fees. The record shows that, if the installer found that the cost of labor or materials would be substantially greater than the installation price, the installer would notify Barrier, and Barrier would handle the additional costs directly with its customer. All of this evidence belies Barrier’s claim that it was not engaged in construction (see Labor Law § 861-b [1]), as Barrier continues to provide installation services to its customers. The Board’s decision in this regard is amply supported by substantial evidence in the record (see Matter of Baez [PD 10276, Inc. — Commissioner of Labor], 143 AD3d at 1191).
We turn next to Barrier’s claim that its installers are independent contractors. Barrier advances the same argument with respect to this contention as it did when it claimed that it is not engaged in construction under the Fair Play Act. The Board found that the first statutory criteria of the ABC test (see Labor Law § 861-c [1] [a]) was not satisfied as Barrier screened the installers, set the installation price, which was not subject to negotiation, and resolved any unexpected increases in costs with the customer (see Matter of Baez [PD 10276, Inc. — Commissioner of Labor], 143 AD3d at 1191; Matter of Jimenez [C & I Assoc., Inc. — Commissioner of Labor], 74 AD3d 1587, 1589-1590 [2010]; compare Matter of Holleran [Jez Enters., Inc.— Commissioner of Labor], 98 AD3d 757, 758-759 [2012]). The second statutory criteria of the ABC test (see Labor Law § 861-c [1] [b]) also was not met, as the Board found that Barrier continued to offer installation services to its customers as part of its usual course of business. Lastly, with respect to the third statutory criteria of the ABC test (see Labor Law § 861-c [1] [c]), although the record includes copies of subcontractor agreements and other proof of independently operated trades and/or businesses by the installers, there was no testimony offered *1377 from any of the installers regarding the nature of their independent businesses. The Board found that, because Barrier often reimbursed the installers for normal business expenses such as mileage and dump fees, some installers had allowed their insurance to lapse and some simply used blank sheets of paper for their invoices, the installers did not have independently established businesses. The Board concluded that the installers did not meet all the criteria of the ABC test and, thus, they could not be considered independent contractors. “As [it is] not the role of this Court to second-guess determinations rendered by administrative agencies or, more to the point, independently review and weigh the evidence adduced at an administrative hearing” (Matter of Mitchell [Nation Co. Ltd Partners — Commissioner of Labor], 145 AD3d at 1406), and in view of the requirement that all the criteria of the statutory ABC test must be met in order to rebut the presumption of employment, we find that the Board’s decision is supported by substantial evidence and should not be disturbed, “despite other evidence in the record that would have supported a contrary result” (Matter of Jimenez [C & I Assoc., Inc. — Commissioner of Labor], 74 AD3d at 1588-1589).
McCarthy, J.P., Garry, Rose and Aarons, JJ., concur.
Ordered that the decision is affirmed, without costs.

. Testimony showed that Barrier arranged for approximately 40% of its total sales to be installed through its subcontractor installers and the rest of the installations were done by the manufacturer’s installation company.

. The Unemployment Insurance Law includes, in the definition of employment, “any service by a person for an employer . . . as an employee in the construction industry unless the presumption of employment can be overcome, as provided under [Labor Law § 861-c]” (Labor Law § 511 [1] [b] [1-b]).

. Insofar as relevant here, the Fair Play Act defines “construction” as “reconstructing, altering . . . rehabilitating, repairing, renovating . . . any building, structure, or improvement” (Labor Law § 861-b [1]), and “contractor” as any “legal entity . . . who engages in construction as defined in [the Fair Play Act]” (Labor Law § 861-b [2]).

. The contract also provided that the customer could choose his or her own installer and that any installers used by Barrier would be independent contractors and not employees of Barrier.