■ In the Matter of the Claim of CAROL D. COMMISSIONG, Respondent. JACARANDA CLUB LLC, Doing Business as SAPPHIRE NY, Appellant; COMMISSIONER OF LABOR, Respondent. [56 NYS3d 595]—

Clark, J. Appeals from two decisions of the Unemployment Insurance Appeal Board, filed September 22, 2015, which ruled, among other things, that Jacaranda Club LLC was liable for

---

unemployment insurance contributions on remuneration paid to claimant and others similarly situated.

Jacaranda Club LLC operates a club featuring exotic dancers, where claimant worked as a dancer in 2009 and 2010. Following claimant's application for unemployment insurance benefits, the Department of Labor issued an initial determination finding that claimant was an employee of Jacaranda and that Jacaranda was liable for unemployment insurance contributions based on remuneration paid to claimant and others similarly situated. After a hearing, an Administrative Law Judge sustained the Department's determination. Upon administrative review, the Unemployment Insurance Appeal Board affirmed the Administrative Law Judge's decisions, and Jacaranda now appeals.

We affirm. "An employment relationship will be found for the purposes of unemployment insurance where the employer exercised control over the results produced or the means used to achieve the results," with the latter being the more important factor to consider (*Matter of Exotic Is. Enters. [Commissioner of Labor]*, 135 AD3d 1087, 1087 [2016] [internal quotation marks, brackets and citations omitted]; *see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor]*, 15 NY3d 433, 437 [2010]; *Matter of Baez [PD 10276, Inc.—Commissioner of Labor]*, 143 AD3d 1190, 1191 [2016]). Whether an employment relationship exists is a factual issue for the Board to determine, and no single factor is determinative (*see Matter of Concourse Ophthalmology Assoc. [Roberts]*, 60 NY2d 734, 736 [1983]; *Matter of Baez [PD 10276, Inc.—Commissioner of Labor]*, 143 AD3d at 1191). The determination of the Board, "if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary conclusion" (*Matter of Concourse Ophthalmology Assoc. [Roberts]*, 60 NY2d at 736; *see Matter of Baez [PD 10276, Inc.—Commissioner of Labor]*, 143 AD3d at 1191; *Matter of Aussicker [Park Ride Fly USA—Commissioner of Labor]*, 128 AD3d 1264, 1265-1266 [2015], *lv dismissed* 26 NY3d 944 [2015]).

Here, the record establishes that, before claimant was permitted to work in the club, she was required to attend an audition for Jacaranda to determine whether to hire her. While claimant provided the club with the dates on which she was available to perform, her proposed work schedule had to be approved by the club's managers. Claimant testified that, once her schedule was set, she was required to report to work by a

particular time. Claimant was also required to sign in when she arrived at the club, and, according to claimant, she was expected to notify the club's managers when she could not come to work for her scheduled hours and was required to make up for any absences. Claimant testified that, while she provided her own costumes, each costume had to meet certain standards set by the club and be approved by the club's managers. Claimant was required to use the stage, private dance rooms, sound equipment and music provided by the club. Furthermore, claimant testified that the club charged patrons an admission fee, set the prices that she could charge patrons for private dances and retained a percentage of those private bookings. Claimant also testified that, besides performing dances, she was required to sell alcohol to patrons and attend weekly meetings conducted by the club's owners or managers. Lastly, claimant testified that she was prohibited from working for Jacaranda's competitors while performing services for Jacaranda.

Despite other evidence in the record that could support a contrary result, we find substantial evidence to support the Board's determination that Jacaranda exercised sufficient control over claimant to establish an employer-employee relationship (see Matter of Greystoke Indus. LLC [Commissioner of Labor], 142 AD3d 746, 747 [2016]; Matter of Exotic Is. Enters. [Commissioner of Labor], 135 AD3d at 1088; Matter of Enjoy the Show Mgt. [Commissioner of Labor], 287 AD2d 822, 822-823 [2001]). To the extent that claimant's testimony contradicted that provided by Jacaranda's witness, such contradictory testimony presented a credibility issue for the Board to resolve (see Matter of Spielberger [Commissioner of Labor], 122 AD3d 998, 1000 [2014]; Matter of Singh [Thomas A. Sirianni, Inc.—Commissioner of Labor], 43 AD3d 498, 498-499 [2007]). In light of our holding that Jacaranda exercised sufficient control over claimant to establish an employment relationship, we need not address the Board's additional determination that claimant also qualified as an employee under Labor Law § 511 (1) (b) (1-a) (see Matter of Greystoke Indus. LLC [Commissioner of Labor], 142 AD3d at 747; Matter of Exotic Is. Enters. [Commissioner of Labor], 135 AD3d at 1089). Finally, we find no error in the Board's determination that Jacaranda was liable for unemployment insurance contributions on remuneration paid to all others determined to be similarly situated to claimant (see Matter of Baez [PD 10276, Inc.—Commissioner of Labor], 143 AD3d at 1192; Matter of Mitchum [Medifleet, Inc.—Commissioner of Labor], 133 AD3d 1156, 1157 [2015]).

Garry, J.P., Egan Jr., Lynch and Aarons, JJ., concur. Ordered that the decisions are affirmed, without costs.