Matter of Colon (Pd 10276, Inc.--Commissioner of Labor) (2020 NY Slip Op 02513)





Matter of Colon (Pd 10276, Inc.--Commissioner of Labor)


2020 NY Slip Op 02513


Decided on April 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 30, 2020

528914

[*1]In the Matter of the Claim of Nicanor Colon, Respondent. Pd 10276, Inc., Doing Business as Jan-Pro Cleaning Systems of the Hudson Valley, Appellant. Commissioner of Labor, Respondent.

Calendar Date: March 27, 2020

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Reynolds Fitzgerald, JJ.


O'Hagan Meyer, PLLC, Boston, Massachusetts (Jeffrey M. Rosin of counsel) and Moritt Hock & Hamroff LLP, Garden City (A. Jonathan Trafimow of counsel), for appellant.
Carolyn B. George, Albany, for Nicanor Colon, respondent.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for Commissioner of Labor, respondent.



Reynolds Fitzgerald, J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed September 20, 2018, which ruled, among other things, that PD 10276, Inc. was liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Jan-Pro Franchising International Inc. (hereinafter Jan-Pro) is a national corporation that provides franchising opportunities to individuals seeking to operate commercial cleaning businesses utilizing a proprietary system that it developed. PD 10276, Inc., doing business as Jan-Pro Cleaning Systems of the Hudson Valley (hereinafter Jan-Pro Cleaning), is licensed by Jan-Pro to grant such franchises in the geographic area encompassing eight counties within the lower and mid-Hudson Valley of the state. Jan-Pro Cleaning entered into individual unit franchise agreements with claimant and other individuals to operate cleaning businesses under the Jan-Pro service mark. When claimant stopped operating his cleaning business, he filed a claim for unemployment insurance benefits. This prompted the Department of Labor to conduct an inquiry into the employment status of claimant and other similarly situated individuals. The Department concluded that an employment relationship existed and assessed Jan-Pro Cleaning for additional unemployment insurance contributions. Following a hearing, an Administrative Law Judge ruled that claimant was an independent contractor and that Jan-Pro Cleaning was not liable for additional contributions. However, the Unemployment Insurance Appeal Board reversed this decision, found that claimant and other similarly situated individuals were employees of Jan-Pro Cleaning and upheld the assessment of additional contributions. Jan-Pro Cleaning appeals.
We affirm. In Matter of Baez (PD 10276, Inc.-Commissioner of Labor) (143 AD3d 1190, 1191 [2016]), this Court ruled that substantial evidence supported the Board's finding that certain unit franchisees operating Jan-Pro Cleaning businesses under similar unit franchise agreements were employees of Jan-Pro Cleaning and entitled to receive unemployment insurance benefits. Upon reviewing the record, it appears that similar indicia of control are present here (see Matter of Garbowski [Dynamex Operations E., Inc.-Commissioner of Labor], 136 AD3d 1079, 1080 [2016]). Specifically, Jan-Pro Cleaning required unit franchisees to undergo a certification process, instructing them on the proper protocol to be followed with respect to procedures and safety in order to maintain the standards associated with the Jan-Pro name. Moreover, it acted as an intermediary introducing the unit franchisees to its customers and accompanying them on initial visits to the customers' premises. In addition, it provided them with cleaning supplies and equipment as part of the initial start up and required them to wear shirts bearing the Jan-Pro name. Although it did not directly supervise their cleaning activities, it periodically inspected their work and required them to carry specified limits of general liability and workers' compensation insurance. Jan-Pro Cleaning also retained the right to audit the unit franchisees' operations and, in certain situations, was tasked with handling customer complaints. Notably, the unit franchise agreements contained a noncompetition provision.
Although there is evidence in the record to support Jan-Pro Cleaning's contention that claimant was an independent contractor, our review is limited to whether the Board's decision is supported by substantial evidence. If we find that it is, that determination is "beyond judicial review, even though the evidence would have supported a contrary conclusion" (Matter of Lewis [Absolute Distrib., Inc.-Commissioner of Labor], 121 AD3d 1488, 1489 [2014] [internal quotation marks and citation omitted]). Given that "[s]ubstantial evidence is a minimal standard that requires less than proof by a preponderance of the evidence" (Matter of National Fuel Gas Distrib. Corp. v Public Serv. Commn. of the State of N.Y., 169 AD3d 1334, 1335 [2019] [internal quotation marks and citations omitted], appeal dismissed and lv denied 33 NY3d 1053 [2019]), we conclude that there is substantial evidence to support the Board's determination. Finally, we are unpersuaded that the Board erred in including all others similarly situated to claimant in its decisions. Whether there are other franchisees so similarly situated as claimant is a factual question to be addressed in future proceedings (see Matter of Sischo [Safeguard Props. LLC-Commissioner of Labor], 180 AD3d 1112, 1114 [2020]).
Garry, P.J., Egan Jr., Lynch and Mulvey, JJ., concur.
ORDERED that the decisions are affirmed, without costs.