Matter of Lee (AXA Advisors LLC--Commissioner of Labor) (2021 NY Slip Op 04518)





Matter of Lee (AXA Advisors LLC--Commissioner of Labor)


2021 NY Slip Op 04518


Decided on July 22, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 22, 2021

531501
[*1]In the Matter of the Claim of Dennis Lee, Appellant. AXA Advisors LLC, Respondent. Commissioner of Labor, Respondent.

Calendar Date:May 27, 2021

Before:Garry, P.J., Lynch, Aarons and Colangelo, JJ.

Dennis Lee, Middle Village, appellant pro se.
Ogletree, Deakins, Nash, Smoak & Stewart, PC, New York City (Patrick M. Collins of counsel), for AXA Advisors LLC, respondent.



Aarons, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 25, 2019, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because he was not an employee of AXA Advisors LLC.
AXA Advisors LLC is a broker-dealer registered to sell life insurance policies and annuities, stocks, mutual funds and other investment products. Claimant began working for AXA under a three-year "training allowance" agreement in 1993. After that agreement terminated in 1996, claimant entered into a new agreement as a licensed agent, and he continued working in that capacity until AXA terminated the agreement in 2015. Claimant's subsequent application for unemployment insurance benefits was ultimately denied by the Unemployment Insurance Appeal Board on the ground that claimant was not an employee of AXA under the 1996 agreement.[FN1] As a result, the Board found that AXA was not liable for unemployment insurance contributions on remuneration paid to claimant and those similarly situated. Claimant appeals.
We affirm. "Whether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the appeal board, if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary conclusion" (Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983] [citations omitted]; accord Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]). "While no single factor is determinative, control over the results produced or the means used to achieve those results are pertinent considerations, with the latter being more important" (Matter of Jennings [American Delivery Solution, Inc.-Commissioner of Labor], 125 AD3d 1152, 1153 [2015] [internal quotation marks and citations omitted]; see Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d 131, 137 [2020]; Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d at 437).
The record reflects that, under the 1996 agreement, claimant did not have a set work schedule or work location, he was not assigned a sales territory and did not have to turn in any reports. Claimant was not supervised, could work from home and could use his own computer. Claimant had to pay for the cost of his liability insurance and was not paid for any expenses. AXA required reimbursement from claimant for the cost of business cards and stationery and claimant had to pay for the use of AXA's clerical staff and office space. Claimant was responsible for developing his own client base and, although AXA would sometimes provide a sales lead, claimant testified that he did not have to pursue it. Claimant determined what products best suited his clients' needs and he could sell the products [*2]of AXA's competitors. AXA did provide claimant with promotional materials, and claimant was paid by commission, with the commission rate set by AXA or whichever company offered the product that he sold to the client.
In light of the foregoing, substantial evidence supports the Board's finding that AXA did not exercise sufficient control over claimant under the 1996 agreement to establish an employment relationship with claimant and those similarly situated (see Matter of Spielberger [Commissioner of Labor], 122 AD3d 998, 999 [2014]; Matter of Jarzabek [Carey Limousine, N.Y.-Commissioner of Labor], 292 AD2d 668, 669 [2002], lv denied 98 NY2d 606 [2002]). To the extent that the record demonstrates that some indicia of control by AXA was mandated by Financial Industry Regulatory Authority [FN2] rules, such evidence alone is not dispositive of an employer-employee relationship (see Matter of Crystal [Medical Delivery Servs.-Commissioner of Labor], 150 AD3d 1595, 1596 [2017]; Matter of Bogart [LaValle Transp., Inc.-Commissioner of Labor], 140 AD3d 1217, 1218-1219 [2016]). Claimant's remaining arguments concerning the circumstances surrounding his termination and his claim that AXA owes him compensation for unpaid commissions are not properly before this Court.
Garry, P.J., Lynch and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: AXA does not contest that claimant was an employee under the 1993 agreement.

Footnote 2: The Financial Industry Regulatory Authority is a self-regulatory organization overseen by the United State Securities and Exchange Commission (see 15 USC § 78c [a] [26]; Financial Indus. Regulatory Auth., Inc. v Fiero, 10 NY3d 12, 14 [2008]).