Matter of Jani-King of N.Y., Inc. (Commissioner of Labor) (2023 NY Slip Op 01214)

Matter of Jani-King of N.Y., Inc. (Commissioner of Labor)

2023 NY Slip Op 01214

Decided on March 9, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 9, 2023

529914
[*1]In the Matter of the Claim of Jani-King of New York, Inc., Appellant. Commissioner of Labor, Respondent. (Claim No. 1.)
In the Matter of the Claim of Jani-King of Buffalo, Inc., Appellant. Commissioner of Labor, Respondent. (Claim No. 2.)

Calendar Date:January 18, 2023

Before:Egan Jr., J.P., Lynch, Aarons, Ceresia and Fisher, JJ.

Littler Mendelson, PC, New York City (Eric A. Savage of counsel), for appellants.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for respondent.

Lynch, J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed December 6, 2018, which ruled, among other things, that Jani-King of New York, Inc. and Jani-King of Buffalo, Inc. were liable for additional unemployment insurance contributions on remuneration paid to certain franchisees.
Jani-King is an international sales and marketing company that, as relevant here, sells commercial cleaning and janitorial franchises to individual or corporate franchisees. Jani-King of New York, Inc. (hereinafter JKNY) and Jani-King of Buffalo, Inc. (hereinafter JKB) are regional divisions of Jani-King that operate under a national standard set by Jani-King. Following an administrative audit, the Department of Labor issued notices of determination separately holding JKNY and JKB liable for additional unemployment insurance contributions (effective first quarter of 2007 through fourth quarter of 2009) on remuneration paid to individual franchisees performing janitorial services.[FN1] Combined hearings ensued, at the conclusion of which the Administrative Law Judge, among other things, upheld the initial determinations holding JKNY and JKB liable for additional unemployment insurance contributions. Thereafter, by decisions filed December 6, 2018, the Unemployment Insurance Appeal Board affirmed, prompting these appeals.
We affirm. "Whether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the Board, if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary conclusion" (Matter of Legros [Northeast Logistics, Inc.-Commissioner of Labor], 205 AD3d 1245, 1246 [3d Dept 2022] [internal quotation marks and citations omitted]; accord Matter of Tassie [Koyote Capital Group LLC-Commissioner of Labor], 204 AD3d 1276, 1277 [3d Dept 2022], lv dismissed 39 NY3d 973 [2022]; Matter of Smith [TN Couriers, LLC-Commissioner of Labor], 204 AD3d 1182, 1183 [3d Dept 2022]). "Substantial evidence is a minimal standard requiring less than a preponderance of the evidence. As such, if the evidence reasonably supports the Board's choice, we may not interpose our judgment to reach a [different result]" (Matter of Chichester [Northeast Logistics, Inc.-Commissioner of Labor], 204 AD3d 1195, 1196 [3d Dept 2022] [internal quotation marks and citations omitted]; accord Matter of Relay Express Inc. [Commissioner of Labor], 204 AD3d 1265, 1266 [3d Dept 2022]). "The relevant inquiry is whether the purported employer exercised control over the results produced or the means used to achieve those results, with control over the latter being the more important factor" (Matter of Rosenblum [Tura, Inc.-Commissioner of Labor], 202 AD3d 1258, 1259 [3d Dept 2022] [internal quotation marks, brackets and citations omitted]; see Matter of Hawkins [A Place for Rover Inc[*2].-Commissioner of Labor], 198 AD3d 1120, 1121 [3d Dept 2021]; Matter of Lee [AXA Advisors LLC-Commissioner of Labor], 196 AD3d 975, 976 [3d Dept 2021]). In this regard, "it is within the exclusive province of the Board to evaluate evidence and the inferences to be drawn therefrom, and the Board is the final arbiter of witness credibility" (Matter of Fraternal Order of Eagles [Commissioner of Labor], 209 AD3d 1067, 1068 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Kupiec [Commissioner of Labor], 193 AD3d 1217, 1218 [3d Dept 2021]; Matter of Colon [Staffing Solutions Org. LLC-Commissioner of Labor], 179 AD3d 1417, 1418 [3d Dept 2020]).
Although JKNY and JKB point to various indicia of autonomy and control that they maintained in the day-to-day operations of their respective franchises, substantial evidence supports the Board's finding of an employment relationship and the additional unemployment insurance contributions imposed. Both the franchise agreement and the testimony adduced at the hearing make clear that Jani-King franchisees, who are subject to a criminal background check, must successfully complete mandatory training, during the course of which franchisees are provided with various manuals outlining Jani-Kings' policies, procedures and operational standards and are instructed regarding the necessary equipment and supplies required. In addition to providing franchisees with an advertising package, including business cards, brochures and other promotional materials, Jani-King furnishes the franchisees with initial client accounts, and Jani-King establishes the billing rates for those accounts, as well as any other accounts that it procures for the franchisees. If Jani-King assists franchisees in locating additional client accounts, franchisees pay Jani-King a finder's fee.
In addition to the foregoing, franchisees are required to maintain certain types of insurance and to list Jani-King as an additional insured and are precluded — both during the term of the franchise agreement and for a two-year period following the termination thereof — from engaging in a competing commercial cleaning business. While on a client's premises, the franchisees and their employees must wear a shirt and name tag bearing the Jani-King logo, and Jani-King handles all billing and collection matters for the franchisees, for which the franchisees are charged a fee, and the franchisees are required to submit invoices to Jani-King by the monthly "accounting cutoff date." Franchisees are penalized for not submitting their revenue reports in a timely manner and receive checks directly from Jani-King on the fifth of each month — "franchise day" — regardless of whether the franchisees' clients have paid for the services rendered. Such checks are net of any royalty, advertising, penalty or other fees imposed. Finally, Jani-King reserves the right to, among other things, inspect the franchisees' work for quality control purposes, audit the [*3]franchisees' records, suspend, transfer or cancel the franchisees' accounts, handle customer complaints and/or review and approve any promotional materials developed by the franchisees. For all of these reasons, we find that the Board's decision is supported by substantial evidence — even though other evidence in the record could support a contrary conclusion (see Matter of Colon [PD 10276, Inc.-Commissioner of Labor], 182 AD3d 954, 955-956 [3d Dept 2020]; Matter of Baez [PD 10276, Inc.-Commissioner of Labor], 143 AD3d 1190, 1191-1192 [3d Dept 2016]; cf. Matter of Relay Express Inc. [Commissioner of Labor], 204 AD3d at 1266-1268).
We have considered JKNY's and JKB's remaining contentions, including their preemption argument under the federal Lanham Act (15 USC § 1051 et seq.), and conclude that they have not sufficiently established their claims. This Court has, in certain circumstances, held that the Board's finding of an employer-employee relationship is not supported by substantial evidence when the sole indicia of control relied upon by the Board was mandated by state or federal statutes or regulations (see Matter of Corrente [Select Med. Corp., Inc.-Commissioner of Labor], 139 AD3d 1283, 1285 [3d Dept 2016]; Matter of Wannen [Andrew Garrett Inc.-Commissioner of Labor], 57 AD3d 1029, 1030-1031 [3d Dept 2008]). To the extent that JKNY and JKB are making this argument, they have not sufficiently established their claim in this respect, merely making broad statements regarding the Lanham Act without demonstrating that all of the controls relied upon by the Board in determining that an employee-employer relationship existed were mandated under such act.
Egan Jr., J.P., Aarons, Ceresia and Fisher, JJ., concur.
ORDERED that the decisions are affirmed, without costs.

Footnotes

Footnote 1: Franchisees who incorporated their business and registered with an employer number with the Department were excluded.